WILLIAM P. DAWLEY *vs.* THOMAS B. CONGDON, *Ex., et al.*

JANUARY 31, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

*(1)  Wills.   Secondary Evidence.*

On the issue as to whether a will as found by the executor was the complete will of testatrix, or whether a clause had been removed therefrom, and such clause had not been revoked by testatrix and should be probated as a part of the will, a carbon copy of the will made at the time the will was typewritten, in the office of the attorney who prepared the will, furnished secondary evidence of high probative value as to the contents of the clause as it stood in the will when the same was executed.

*(2)  Wills.   Evidence.*

A party is not prejudiced by the admission of questions which are not answered.

*(3)  Evidence. . Exceptions.*

Objection to a question should be made when the question is asked, and after questions had been answered without objection, an exception will not be considered based on a general objection to such questions.

*(4)  Wills.  Evidence.*

On the issue as to whether a clause had been removed from a will by testatrix or by her direction, it was proper to show the relations which existed to the death of testatrix between her and the legatee named in said clause and also the relations existing between her and the others of her next of kin, and whether the same reasons which impelled the gift when the will was made continued up to the time of the testatrix's death.

*(5)  Wills.  Direction of Verdict.*

A motion to direct a verdict in favor of a will without a so-called "additional clause," was properly refused if there was any legal evidence before the jury which would have justified it in reaching a contrary verdict. The same question is presented on exception to the refusal to direct.

*(6)  Wills.  Presumptions.*

Where a will after its execution was left in the possession of testatrix and was found among her effects after her death, the inference arises that the removal of a portion of the instrument was the act of testatrix with intent to revoke the clause, but such presumption would yield to such proof to the contrary as the jury would be justified in regarding as clear and satisfactory. This evidence might be either direct or circumstantial.

*(7)  Direction of Verdict.*

On a motion to direct a verdict all evidence in favor of the party against whom the motion is directed, must be taken as true and he is entitled to the benefit of every favorable inference which may be reasonably drawn from the facts in evidence. The credibility of witnesses and the weight which should be given to their testimony is for the determination of the jury and is not to be passed upon by the justice.

PROBATE APPEAL.    Heard on exceptions of appellant and overruled.

SWEETLAND, J.   The above entitled cause is the appeal of William P. Dawley from the decree of the probate court of the city of Newport admitting to probate the will of Alice B. Slocum, late of Newport, deceased, including the eighth clause to which reference will hereafter be made.

Said appeal was heard before a justice of the Superior Court sitting with a jury and resulted in the verdict that the instrument purporting to be the will of Alice B. Slocum, including the clause referred to as the eighth clause, is the will of said Alice B. Slocum.

The cause is before us upon the appellant's exceptions to certain rulings upon the admission of testimony made by

said justice in the course of the trial, and upon the appellant's exception to the refusal of said justice to grant the appellant's motion that said justice direct the jury to return a verdict in favor of the instrument without said additional or eighth clause.

It appears that Mrs. Slocum, the testatrix was an elderly woman at the time of her death on August 22, 1917. It is stated by the appellant that at that time she was over eighty, and by the appellees that she was over seventy five years of age. She had been a widow since 1913. Her next of kin at the time of her death, and for a year at least prior thereto, were the appellant William P. Dawley, his brother Perry C. Dawley, the legatee named in said eighth or residuary clause, and Mary S. Langdon. William P. Dawley and Perry C. Dawley were the sons of a deceased sister of Mrs. Slocum, and Mrs. Langdon was the daughter of her deceased brother. Since the death of her husband the testatrix had lived in the family of the appellant. Perry C. Dawley visited her frequently and at her request had attended to certain matters of business for her. He appears especially to have had her confidence and esteem. Mrs. Langdon lived in Massachusetts. The testatrix rarely saw her and did not regard her favorably. On July 30, 1915, Mrs. Slocum executed with legal formality said instrument as and for her last will and testament. At the time of its execution said instrument included at the foot of its third page the paragraph referred to throughout the trial in the Superior Court and in this court as the "eighth clause," which paragraph is as follows: "Eighth: All the rest, residue and remainder of my property of every kind and description, to which I may, in any way, be entitled at my decease, I give, devise,and bequeath unto Perry C. Dawley and his heirs forever; because of his kindness to me." Said instrument was prepared in accordance with the instructions of the testatrix by the attorney at law who had acted as her counsel during about twenty-five years before her death. Said attorney was one of the witnesses to the execution of the will. After

its execution at her home the will was left in the possession of the testatrix. She died on August 22, 1917. On the day of her funeral, August 25, 1917, after the burial, said will was found by the appellant, his wife and the executor in a paper envelope which was contained in a locked tin box at the bottom of a locked trunk belonging to the testatrix. Said trunk was at that time in the bedroom which had been occupied by the testatrix during the last years of her life and in which she died. When so found that portion of the third page, upon which said eighth clause had been written, had been removed, apparently by cutting. The portion of the third page so removed, as far as the evidence discloses, was not found among the effects of the testatrix. The executor who was the proponent of the will claimed that said eighth clause had not been removed by the testatrix or by her direction and that said eighth clause should be probated as a part of said will. The will was typewritten and the executor sought to establish the contents of said eighth clause, and that it was part of the will when the same was executed, by the testimony of said attorney at law. At the time the will was typewritten in his office said attorney had caused a carbon copy thereof to be made. This copy he had retained, and it was in his possession at the time of the trial.

The first two exceptions of the appellant relate to the action of the justice in admitting certain testimony of the attorney at law with reference to said carbon copy. At the beginning of the trial the will as found, with the lower part of the third page removed, was before the court. Said attorney, while upon the stand as a witness, was asked the following question: "Q. I will ask you whether or not at the time that will was executed that third page had anything cut off at the bottom?" To this the witness answered, "It did not." He was then asked, "Q. So that, was there or was there not in the will at the time you left it intact, as part of the third page an eighth clause?" The appellant excepted to the ruling of the justice permitting this question

to be asked. To this question the witness replied, "There was." The witness then testified to the making of the carbon copy of the instrument in his office, and the appellant excepted to the refusal of the justice to strike out the following answer of the witness: "This is the duplicate copy that was in my possession." Said carbon copy of the will was then put in evidence. We find no merit in these exceptions of the appellant. The contention of the proponent was that the will as found by the executor was not the complete will of the testatrix; that the so-called eighth clause had not been revoked by her, and hence should be probated as a part of said instrument. To maintain his position it was essential for the proponent to establish to the satisfaction of the jury that said eighth clause was a part of the will at the time of its execution; that it had not been removed therefrom by the testatrix or by some person in her presence and by her direction with the intention of revoking the same and also he must establish the contents of said eighth clause. Of these separate facts he might present evidence in any order that his convenience or his judgment dictated, unless the circumstances were such as to warrant the justice in requiring the proponent to adopt some other order of proof. The carbon copy, made as the attorney testified, furnished secondary evidence of high probative value as to the contents of said eighth clause, as it stood in the will when the same was executed.

The third and fourth exceptions of the appellant relate to rulings of said justice permitting certain questions to be propounded to the appellant in cross-examination. Said questions are numbered 165 and 170 respectively. Said justice ruled that the questions were proper in cross-examination. Neither of the questions, however, were answered by the witness. We find that the appellant was not prejudiced by said rulings of the justice.

Without objection the appellant while on the stand was asked and he answered a number of questions in cross-examination relating to the larceny of a gold chain be-

longing to Mrs. Slocum by a son of the appellant who was a member of the appellant's household. These questions are numbered 171 to 178 inclusive. After all of said questions had been answered; and when no unanswered question was pending, the appellant made a general objection, as follows: "We object to all this testimony, Your Honor, please." The appellant's exception was noted and he urges this as his fifth exception before us. With reference to this exception the record presents no circumstance and the appellant urges no reason which in this matter calls for a variation of the ordinary rule that objection to a question should be made when the question is asked; and further, if a question is answered by the witness before objection can be made, or in disregard of an objection, or if to a proper question the witness makes an answer that is not responsive a motion should at once be made that the improper answer be stricken out. Neither of these things was done by the appellant and in our opinion this exception is not properly before us. We will say, however, that in our opinion the questions were admissible and the testimony was pertinent to the issues presented at the trial.

Said justice permitted the following question to be asked of Perry C. Dawley, the legatee named in said eighth clause: "24. Q. After the death of Captain Slocum what did you do for your aunt?" The appellant excepted to this ruling and urges it here as his sixth exception. The essential controversy between the parties at the trial was as to whether or not said eighth clause was removed from the will by the testatrix or by her direction. Upon that issue the parties might show the relation which existed down to the time of her death between the testatrix and the legatee named in said residuary clause; and also the relations which existed between the testatrix and the others of her next of kin. The appellant introduced evidence tending to show that services were rendered by him to the testatrix, and also to show the kindly feeling which the testatrix had

for himself and the members of his immediate family. One of the appellant's claims made before us was that the name "Perry" was a family name; that his own middle name was Perry; that because of his services to her it was through a mistake that the testatrix had designated Perry C. Dawley as her residuary legatee; that she intended to name him, William Perry Dawley, and not his brother Perry C. Dawley as such legatee; and that when she discovered her mistake she removed the clause in question from the will. He also urged before us that in any event it should be found that the naming of Perry C. Dawley as such legatee was in response to a passing whim. In reply to such claims on the part of the appellant it would be admissible for the appellees to show what were the relations between the testatrix and these two brothers and what was the nature of her feeling toward them respectively. It is not clear that the appellant urged either of these claims at the trial in the Superior Court, but upon the issues which manifestly were presented there it was proper for the appellees to show the conduct of Perry C. Dawley toward the testatrix which might influence her to make him her beneficiary in said eighth clause, and cause her to state as her reason that it was "because of his kindness to me." The appellees should also have been permitted to show, if they were able, that the same reasons which impelled the gift when the will was drawn continued up to the time of the testatrix's death.

At the close of the testimony the appellant moved that said justice direct the jury to return "a verdict in favor of the instrument without the additional clause." This motion was denied and the appellant excepted. He insists upon (5) this as his seventh and last exception. The appellant's motion was properly refused if there was any legal evidence before the jury which would have justified it in reaching a contrary verdict. The instrument after its execution was left in the possession of the testatrix; it was found among her effects three days after her death. From these facts the inference is warranted that after the execution and during

the remainder of her life the instrument remained in her custody. In such case as that the presumption arises that the removal of the eighth clause from the instrument was the act of the testatrix with intent to revoke the clause. This presumption however would yield to such proof to the contrary as the jury would be justified in regarding as clear and satisfactory. Therefore the question presented to said justice by the appellant's motion was whether or not any legal evidence of that character was before the jury. The same question is presented to us by the exception. The evidence in that regard might be either direct or circumstantial. In considering this question all evidence in favor of the appellees must be taken as true; and the appellees are entitled to the benefit of every favorable inference which may reasonably be drawn from the facts in evidence. As to a number of very important matters there was direct conflict between the testimony of the appellant and that of witnesses for the appellees. The credibility of witnesses and the weight which should be given to their testimony was for the determination of the jury and was not to be passed upon by the justice in his consideration of the motion to direct a verdict. From an examination of the transcript it appears that there was evidence before the jury from which it might find the following facts. From the time of the execution of said will until the death of Mrs. Slocum there had been no change in the kindly relations between her and Perry C. Dawley, the beneficiary under said clause. If said clause was revoked the residuary estate would pass to the testatrix' next of kin, one of whom was distasteful to her. She told her executor that she did not wish her residuary estate to pass to her next of kin generally but "to somebody particular." Prior to July 30, 1917, the contents of Mrs. Slocum's will were not known to either of her nephews. On July 30, 1917, she became very ill and the appellant left his work to help attend his aunt and remained at home during most of the time until her death. On August 8, 1917, Mrs. Slocum suffered a shock and after that time remained un-

conscious until her death. Between July 30 and August 8, 1917, she was physically unable without assistance to remove said clause from her will and none of the persons who were in attendance upon her during that period, all of whom were witnesses at the trial, testified that they gave her such assistance. In the morning of August 1, 1917, the appellant consulted a lawyer for the purpose of having a guardian or a conservator appointed for the estate of Mrs. Slocum. Later, on the same day, he saw the attorney who drew the will and in an excited manner said to the attorney, "that he had just seen Mrs. Slocum's will and had found that he was not in the residuary clause and he wasn't going to stand for it; he was going to change it." He wanted said attorney to change the will that he might be named in the residuary clause. When informed by the attorney that if Mrs. Slocum would send for him the attorney would go to her and make such changes in her will as she desired, if she was able to authorize such change, the appellant replied that he didn't think she was able to make a will for nearly a year before. After the burial of the testatrix the appellant told the executor that Mrs. Slocum's attorney had informed him, the appellant, that Mrs. Slocum's will was in her tin box. This was untrue as said attorney did not know and had not told the appellant that the will was in said box. In the presence of the executor, the appellant and his wife procured from the bureau of Mrs. Slocum the keys to said trunk and tin box where the will was found. If the jury believed the facts to be true which we have outlined above the jury would be warranted in regarding it as satisfactorily proved that just prior to noon on August 1, 1917, the appellant saw the will of Mrs. Slocum, that then said eighth clause had not been removed from said will; and that it was not afterwards removed by Mrs. Slocum, for the reason that from July 30, 1917, until her death she was physically unable to do so, even if at any time during that period she had been mentally capable of revoking said clause. The appellant's motion was properly denied by said justice.

The appellant's exceptions are all overruled and the case is remitted to the Superior Court for further proceedings ⸺following the verdict.

*Jeremiah P. Mahoney, Clark Burdick,* for appellant.

*Sheffield & Harvey,* for executor.   *Robert M. Franklin,* for appellee.

