GOLDIE ROMANO *vs.* ALBERT V. CALDARONE.

NICHOLAS ROMANO *vs.* SAME.

MAY 17, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. These two actions of trespass on the case for negligence were brought by husband and wife respectively to recover for injuries suffered by the wife, a pedestrian, when she was struck by defendant's automobile while crossing North Main street in the city of Providence about 2 p.m. on April 2, 1945. The cases were tried together in the superior court before a jury. At the conclusion of the evidence for the plaintiffs, the defendant's motion for a nonsuit was granted in each case. The cases are before us solely on the exception of each plaintiff to that ruling. As the basic question in each case is the same, we shall discuss only the case of the wife, who will hereinafter be referred to as the plaintiff.

On the day of the accident, road and weather conditions were good. North Main street, which is about 36 feet wide and at that time had two sets of rails for electric cars in the center thereof, runs approximately north and south.

Thomas street enters North Main street from the east and is over 200 feet southerly of the point on the easterly sidewalk of North Main street from which the plaintiff started to cross the latter street.

A mere outline of the evidence is sufficient for our purposes. The plaintiff, who was alone, testified that she intended to cross North Main street from its easterly sidewalk and that no automobiles were parked along the curb on that side of the street, which gave her an unobstructed view southerly to beyond Thomas street. After looking in that direction and seeing no traffic even further south than Thomas street, she started to cross North Main street and went to about the first rail of the second car track, when, as she looked northerly to see if any traffic was approaching from that direction, she was struck on her left side by something, thrown to the ground, and rendered unconscious. The next thing she clearly remembered was finding herself in the accident room of a hospital. In answer to questions in cross-examination she testified that while crossing the easterly half of North Main street she kept looking constantly in the direction of Thomas street and that she saw no automobile coming towards her from that direction.

Availing herself of the provisions of public laws 1939, chapter 705, the plaintiff called Doris Farrell, the driver of defendant's automobile, as a witness. Miss Farrell testified that automobiles were parked along the easterly curb of North Main street in the vicinity of the accident; that, with a lady friend in the front seat, she was driving northerly on her own right side of the street at a speed of from 10 to 15 miles an hour; that the plaintiff, while also looking in a northerly direction, came out from between the parked automobiles, took one or two steps beyond them and was hit by the tip of the right front mudguard of defendant's car; and that after the accident the plaintiff was lying in the street between defendant's automobile and one parked along the easterly curb. A lieutenant of police who investigated the accident shortly after its occurrence

testified that Miss Farrell then told him that plaintiff had "almost got to the car rails" when she was hit, and at that time no mention was made by Miss Farrell of any parked car along the easterly curb.

Our well-settled practice requires that in considering a motion for a nonsuit the evidence and the reasonable inferences therefrom be viewed most favorably to the plaintiff. We have repeatedly said that the weight of the evidence and the credibility of the witnesses are not before the trial justice on such a motion. The evidence in the instant case is in clear conflict and open to different reasonable inferences and conclusions on a number of issues, one of the most important being as to where the plaintiff was when she was struck by defendant's automobile.

Viewing the evidence most favorably to the plaintiff solely for the purposes of the motion under consideration, it appears that she had safely crossed almost, if not all, the easterly half of North Main street; that defendant's automobile was proceeding in a northerly direction on that part of the street apparently with nothing in front of it to obstruct the driver's view; and that while plaintiff was looking towards the north for southbound traffic she was hit by defendant's automobile. If a jury, under proper instructions from the court, when passing on the weight of the evidence and the credibility of the witnesses should determine otherwise quite different conclusions might reasonably follow.

In granting defendant's motion for a nonsuit the trial justice violated the rule governing such a motion in that he in effect passed judgment on the weight of the evidence and credibility of the witnesses. Disregarding all other evidence of record, he apparently was strongly impressed by the plaintiff's testimony in cross-examination that although she looked constantly in the direction of Thomas street while crossing the easterly half of North Main street she saw no automobile approaching from that direction. This evidently seemed so improbable as to lead him

to conclude that the plaintiff was guilty of contributory negligence as a matter of law in heedlessly walking out into the street and placing herself in the path of immediate and reasonably observable danger.  But the most favorable view of the plaintiff's testimony on the record before us shows that she had safely reached about the middle of the street when the defendant's automobile struck her.  On such a view of the evidence we find that it was error to grant defendant's motion for a nonsuit.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*Samson Nathanson, Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiffs.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.