GOLDIE ROMANO *vs.* ALBERT V. CALDARONE.
NICHOLAS ROMANO *vs.* SAME.

MARCH 22, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   These two actions of trespass on the case for negligence were brought by a wife and her husband respectively to recover for injuries suffered by her when she was struck by defendant's automobile while walking across North Main street in the city of Providence at about 2 p.m. on April 2, 1945.   The cases were tried together in the superior court before a jury and resulted in verdicts of $5,000 for the wife and $615.50 for the husband.

The defendant duly filed a motion for a new trial in each case.   In the wife's case a new trial was granted unless she filed a remittitur of all of the verdict in excess of $4,000. Such remittitur was filed.   A new trial was denied in the husband's case.   Defendant duly excepted to such decision and to the refusal of the trial justice to grant a new trial unconditionally in the case of the wife.   Both cases are before us on these and other exceptions taken during the trial.   Defendant, however, has briefed and argued only three exceptions.   All other exceptions therefore are deemed to have been waived.   As the basic issues are identical in both actions, we shall treat them as one case in which the wife will be referred to as the plaintiff.

The accident occurred north of Thomas street, a short distance from the overhead railroad bridge on North Main street, which at that point runs approximately north and south.   Thomas street enters North Main street from the

east and is about 200 feet southerly of the point on the easterly sidewalk of North Main street from which plaintiff started to cross the latter street.

The plaintiff's version as to how the accident happened is at wide variance with that of the defendant. Plaintiff testified that as she started to cross to the westerly side of North Main street she looked to the left as she stepped from the curb and could see beyond Thomas street; that there was then no traffic coming from the south and no autos were parked at the curb or under the bridge on the easterly side of the street; that she was going to a store which was located diagonally to the north of the point from which she started to cross; that at the time of the accident there were two sets of car tracks on North Main street; that she again looked to her left just before she reached the first set of tracks and saw nothing coming from that direction; that after she had crossed said tracks she looked to her right for traffic which might be coming from the north; and that she had taken from seven to ten steps westerly from a point near the first set of tracks when she was hit suddenly on her left side by something coming from the direction of Thomas street. She further testified that at that time she was at a point about midway between the two sets of car tracks; that she was thrown to the ground and rendered unconscious; and that the next thing she remembered clearly was finding herself in the accident room at a hospital.

Mrs. Doris Farrell, the operator of defendant's automobile, testified that she had stopped at Waterman street and then proceeded northerly along North Main street; that there were cars parked at the right curb beyond the railroad bridge and also near a lunchroom in front of which she claimed the accident occurred; that she was clearing the parked cars by about two feet when plaintiff came suddenly from between two parked cars on her right; that plaintiff was about a foot away from the right front fender when she first saw her; that plaintiff lost her balance and

fell against the right-hand door of defendant's car and then fell to the ground between said car and the parked cars on the right side of the street at a point about six or seven feet from the easterly curb; and that she, Mrs. Farrell, was traveling about 15 miles per hour just before the accident, but stopped almost immediately with the front wheels pointing toward the left.

Mrs. Farrell's testimony that plaintiff came suddenly from between two parked cars was corroborated by another witness who was riding with her at the time, but Captain John A. Murphy, a witness for plaintiff, who investigated the accident and filed a police report, testified that Mrs. Farrell made no statement to him just after the accident about plaintiff coming from between two parked cars. This fact was admitted by Mrs. Farrell on cross-examination. She also admitted that at a previous trial she had testified that she believed plaintiff had reached the car tracks, which statement was in conflict with her testimony in the instant case. See *Romano* v. *Caldarone*, 74 R. I. 110.

Upon such contradictory and irreconcilable testimony the question as to how the accident happened was essentially one for the consideration of the jury and involved the degree of credibility which the jury might attach to the testimony of the respective witnesses. On that point the trial justice stated in his rescript: "The driver and her passenger did not impress me favorably * * *." He also expressed his conclusion in the following language: "I cannot say that the jury was not justified in believing the plaintiff's story. * * * I feel that reasonable men could have acted as did this jury." From our examination of the transcript we cannot say that he was clearly wrong in refusing to grant a new trial in either case on the question of liability.

Defendant also argues that a new trial should be granted because the damages awarded to plaintiff, even as reduced by the remittitur, are excessive. The trial justice has already appraised such damages and has reduced them by

the substantial sum of $1,000. In so doing he exercised his independent judgment on that issue, as is required. From a careful examination of the record we cannot say that the damages as reduced by the remittitur are still so excessive as to warrant a further reduction. There is nothing in the record to indicate that the trial justice either overlooked or misconceived any material evidence and we think that he properly and fairly performed his duty in deciding defendant's motion for a new trial. Defendant's exceptions to such decision are overruled. See *Hovas* v. *Cirigliano,* 70 R. I. 227; *Monacelli* v. *Hall,* 71 R. I. 55.

The second exception relates to a reference to insurance made by the defendant himself on direct examination. He was asked: "Did you ever talk to Mrs. Romano following the accident?" To this question he replied: "No, I called up Mr. Budlong, my insurance agent." Defendant's counsel then called for a recess and after the jury had retired he moved that the case be taken from the jury and passed. This motion was denied. In referring to this incident in his rescript the trial justice said: "Defendant argued that the defendant's reference to insurance deprived him of a fair and impartial trial. I denied the defendant's motion for a mistrial on this point because defendant mentioned insurance himself, in his direct examination, after his counsel had cautioned him against doing so. I offered to instruct the jury to disregard the remark, but defendant's counsel refused my offer."

Whether a defendant's motion to pass the case should be granted on the grounds here alleged depends upon the particular circumstances of each case. Such motion is addressed to the discretion of the trial justice and his decision will not be set aside unless it appears that there has been an abuse of such discretion. He offered to instruct the jury to disregard defendant's reference to insurance at the time it was made but the latter expressly refused such offer. Furthermore, although the charge contained no instruction to disregard the reference to insur-

ance, defendant took no exception to the charge as given and made no request for an instruction to that effect. In these circumstances we think it is now too late to raise the question here under his original exception. In any event there is no showing of an abuse of discretion on the part of the trial justice. Defendant's exception to the refusal of the trial justice to pass the case because of defendant's reference to insurance, in the particular circumstances of the instant case, is overruled.

Defendant's final exception is to the exclusion of certain evidence offered by him. One of his witnesses had testified that immediately after the accident she went into a nearby store to telephone the police and when she came out there was no change in the scene except that Mrs. Farrell's car was gone but the parked cars were still at the curb. In attempted corroboration of such testimony defendant was asked if there were any cars parked at the easterly curb of North Main street or in front of the lunchroom. These questions were excluded.

It appears in evidence that defendant was not present at the time of the accident; that he met Mrs. Farrell at the Mall when she was on the way to the hospital with plaintiff; that he accompanied them there; and that about fifteen minutes later he went to the scene of the accident. North Main street at that point is heavily traveled and traffic conditions change rapidly. We are of the opinion that defendant's testimony as to traffic conditions existing some time after the accident was properly excluded. This exception is without merit and is overruled.

All of the defendant's exceptions are overruled. The case of Goldie Romano v. Albert V. Caldarone is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur, and the case of Nicholas Romano v. Albert V. Caldarone is remitted to that court for entry of judgment on the verdict.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiffs.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.