JAMES GEARY *vs.* ABRAHAM HOFFMAN *et al.*

OCTOBER 27, 1964.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Joslin, JJ.

414

PAOLINO, J. This action of assumpsit involves an alleged breach of an employment contract. It was heard before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff for $2,562.44. The case is before us on the defendants' exceptions to certain evidentiary rulings and to the denial of their motion for a new trial.

The defendant Abraham Hoffman and his wife owned Hoffman's, Incorporated, a Rhode Island corporation which operated the Terrace Hotel in the town of Middletown. After preliminary discussion between plaintiff and Mr. Hoffman they entered into a written agreement of employment. The agreement, dated March 5, 1947, was drafted by Mr. Hoffman's attorney and signed by the parties in his presence. The copy signed by Mr. Hoffman is in evidence as plaintiff's exhibit 1.

The pertinent provisions are that plaintiff was to operate the hotel as manager and director; that he was to have the right to occupy an apartment, rent free, during the period of his employment; that he was to take possession

of the apartment and begin his duties as of March 15, 1947; that if at the end of six months plaintiff did not gross $75,000, Mr. Hoffman would have the right to ask him to resign; and that in addition to the rent-free apartment he was to receive compensation in accordance with the following provision:

> "I will pay you 7% of the gross receipts, exclusive of the income that may be received from the food concession. This income will come from rooms, bar and miscellaneous items."

The plaintiff and his family moved into the apartment on March 13, 1947 and he began his duties on March 15, 1947. He claims his employment was wrongfully terminated by Mr. Hoffman on May 2, 1947.

The declaration alleges that defendants agreed to employ plaintiff for a minimum period of six months. He testified that he had a definite agreement for a six months' minimum period of employment; that he was paid for his services up to May 1, 1947; and that he is claiming as damages 7 per cent of the gross receipts from May 1, 1947 to September 15, 1947, plus an amount for loss of use of the apartment.

The plaintiff called Mr. Hoffman as a witness and in response to a writ of subpoena duces tecum Mr. Hoffman brought with him a certain book of account or ledger containing a record of all of the hotel's receipts during the period from March 15 to September 15, 1947. In reply to questions by plaintiff's counsel Mr. Hoffman testified that the figures contained in the book pertained to the operation of the hotel; that the entries were made by his wife who was the bookkeeper; that the entries were a true and accurate accounting of the gross business during the six-month period; and, without objection, in further reply to plaintiff's question, Mr. Hoffman read into the record all the entries appearing in the ledger which covered the period in question. It appears from the transcript that the

gross receipts put in evidence consisted of items from various sources, including receipts from the dining room.

Mr. Hoffman denied that plaintiff was wrongfully discharged. He offered evidence attempting to prove that plaintiff had failed to live up to the terms of the agreement. We have discussed only those portions of the evidence which are pertinent to the issues raised by defendants' exceptions.

The first exception is to an evidentiary ruling. While plaintiff was under cross-examination, he was asked the following question: "Did you arrive at some terms about the lease of the hotel?" We find no error in the trial justice's ruling sustaining plaintiff's objection thereto. The question was clearly beyond the scope of the direct examination and not germane to the issue involved in this case, namely, an express contract of employment. *Michon* v. *Williams*, 97 R. I. 74, 195 A.2d 751.

The defendants' second exception also pertains to an evidentiary ruling. While under cross-examination plaintiff was asked: "Do you know what you signed?" We find no error in the trial justice's ruling sustaining plaintiff's objection, absent a showing by defendants that the question related to the agreement of employment.

The defendants' fifth exception is to the ruling of the trial justice admitting in evidence, as plaintiff's exhibit 3, the book of account or ledger to which we have previously referred. They contend that this book was inadmissible because of Mr. Hoffman's testimony that he knew nothing about the book and had neither made nor directed the entries appearing therein.

In our opinion this exception lacks merit. The pertinent entries were all read into the record by Mr. Hoffman without objection and without contradiction of the accuracy thereof. In the circumstances defendants suffered no prejudice by admitting in evidence that which was already part of the record. For the same reason there is no merit in

defendants' exception to the ruling of the superior court granting plaintiff's motion to substitute a copy of plaintiff's exhibit 3 for the original which had been lost or misplaced.

Under defendants' eleventh exception they contend that the trial justice erred in denying their motion for a new trial. In addition to the usual grounds that the verdict is against the law and the evidence and the weight thereof, they include a fourth ground alleging that the damages were excessive and a fifth ground stating that certain figures presented to the jury by plaintiff's counsel were incorrect.

[3] The fifth ground is not properly before us. The defendants are referring to argument of counsel to the jury to which they made no objection at the time. There is no ruling by the trial justice to which exception could have been taken and consequently nothing for this court to review in these proceedings.

The principal thrust of defendants under this exception is that the verdict and the amount thereof are against the weight of the evidence. They argue that under the agreement plaintiff was entitled to commissions on receipts from the rooms, bar, and miscellaneous sources, but that he was not entitled to any commission from receipts of the dining room.

In considering defendants' contentions on this point we shall assume, without deciding, that the second paragraph of the agreement presents an ambiguity. This is the paragraph which provided that defendants would pay plaintiff 7 per cent of the gross receipts from rooms, bar and miscellaneous items, exclusive of the income that might be received from the food concession. In such circumstances the construction of the ambiguity becomes a question of fact. *Russolino v. Rotelli & Sons, Inc.*, 85 R. I. 160, 163. The trial justice charged the jury on this very point as follows:

"There has been certain testimony here with respect to an attempt to let out the dining room to an independent operator, so that the person who would come in and would operate the dining room, would do it on his own.

"I leave it to you to say whether the words, 'exclusive of the income that may be received from the food concession' was intended to cover that situation in case the dining room was let out to a man who operated it on his own, so that it would be out of the operation of the plaintiff, and out of the operation of the defendant, too. In that case the plaintiff would be entitled to nothing that was in concession in the dining room. But if the dining room was not let out, and the defendants operated it, then the plaintiff was entitled, if he was wrongfully discharged, to 7 per cent of the total receipts, because that is what the sentence here says. 'I will pay you 7 per cent of the gross receipts.' "

No exception was taken to this charge. The instructions, as given, became the law of the case binding upon the jury, and upon the trial justice in passing on the motion for a new trial. The jury is presumed to have followed the law given to them by the trial justice. *Gomes* v. *J & P Realty Co.*, 89 R. I. 211. There is nothing in the record indicating that they did otherwise.

We are convinced after a careful reading of the entire transcript that the verdict is supported by and consistent with the credible evidence. Although there is a conflict of evidence with respect to the reasons for the termination of the employment relationship, there is competent evidence indicating that in arriving at their verdict the jury took into consideration the amounts of the gross receipts from all sources from March 15, 1947 to September 15, 1947, the amounts which had been previously paid to plaintiff, the plaintiff's right to a rent-free apartment, and the amounts he had earned in other employment after his discharge by defendants.

In our opinion the trial justice complied with the rule

that on a motion for a new trial he must exercise his independent judgment in weighing the evidence and in passing on the credibility of witnesses. In such circumstances we are not warranted in disturbing his findings unless they are clearly wrong or fail to do substantial justice between the parties. From our review of the entire record we cannot say that the trial justice was clearly wrong in his decision as to liability, nor can we say that the amount of the verdict is excessive or that the damages awarded are not responsive to the evidence. See *Cain v. Motta*, 92 R. I. 475.

We come now to the defendants' contention that there has been a waiver of interest on the verdict. On the basis of the record before us and in the absence of a waiver in writing signed by the plaintiff or his counsel, the defendants' claim that the plaintiff should not be allowed interest on the verdict is without merit.

All of the defendants' exceptions briefed and argued are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

## On Motion for Reargument.

### NOVEMBER 13, 1964.

Per Curiam. After our opinion herein was filed, the defendants by permission of the court presented a motion for leave to reargue. Therein they set out the particular reasons on which they base their contention that justice requires a reargument of the case, especially with reference to the defendants' contention that there has been a waiver of interest on the verdict.

In the opinion we said that "On the basis of the record before us and in the absence of a waiver in writing signed by the plaintiff or his counsel, the defendants' claim that the plaintiff should not be allowed interest on the verdict is without merit."

420

Implicit in our language is the fact that the defendants' bill of exceptions which brings the record here contains no exception to any ruling on the issue of interest and therefore their contention is not properly before us. On review of the rulings of the superior court we can only consider those which are the subjects of exceptions in the bill of exceptions. We are not deciding that the defendants cannot raise this question in some other proceeding because it is not properly here for our determination on the record before us.

Motion denied.

*Aram A. Arabian, John P. Bourcier,* for plaintiff.

*Charles H. Drummey, Julius Schaffer,* for defendants.