215 A.2d 423.

PETER BEDROSIAN *vs.* THOMAS P. O'KEEFE.

PETER BEDROSIAN *vs.* DAVIS DRIVE YOURSELF COMPANY, INC.

DECEMBER 23, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

ROBERTS, J. These two actions of trespass on the case for negligence were brought to recover damages for personal injuries sustained by the plaintiff as a result of a collision between two motor vehicles being operated on Route 195 in the city of East Providence. The cases were tried together to a justice of the superior court sitting with a jury and resulted in a verdict for the defendant in each case. The plaintiff's motion for a new trial in each case was thereafter denied, and the cases are in this court on his exceptions thereto and to certain evidentiary rulings made during the trial.

It is not disputed that at the time of the collision plaintiff was operating his automobile in a westerly direction along Route 195 and that as he approached Washington Bridge a motor vehicle, owned by the corporate defendant and operated by defendant O'Keefe, emerged from a ramp at the northerly side of the expressway and came into collision with plaintiff's vehicle. To the extent that it is necessary, further discussion of the facts involved will be made in the body of this opinion.

We turn to plaintiff's contention that the court erred in requiring on cross-examination that he answer an inquiry as to whether he had been "involved in any other automobile accidents wherein you suffered personal injury at least within four years prior to this accident." The plaintiff objected to the question, and the court, after a bench conference, overruled this objection and required him to answer. He then stated that he had been injured in a prior accident in 1959 and was then further interrogated as to the identity of the physicians who treated him and the nature of that treatment.

If it be conceded that the court erred in overruling plaintiff's objection to the inquiry concerning his involvement in a prior automobile accident and that an inquiry of this nature might be prejudicial, we cannot agree that plaintiff here was prejudiced by such ruling in the circumstances within which it was made. The inquiry was made in the course of cross-examination and obviously related back to testimony given by plaintiff in direct examination concerning the injuries he claimed resulted from the instant collision. It is well settled that the scope of cross-examination is a matter primarily within the sound judicial discretion of the trial court. It is our opinion that in the instant case the allowance by the court of the inquiry as being within the proper scope of cross-examination did not constitute an abuse of its discretion in the premises. See *Carpenter v. United Electric Rys.*, 81 R. I. 196.

The plaintiff contends further that this inquiry was not justified in the circumstances and, therefore, he was prejudiced by the interrogation that followed its admission into evidence. This argument, as we understand it, is that the trial justice abused his discretion in overruling an objection to a question that, when answered, opened up a line of testimony concerning the identity of the physicians who treated him for the prior injury. He argues that, being surprised by this line of inquiry, he was unable to answer fully and clearly and that this prejudiced him in the eyes of the jury. Here again we are unable to agree that any abuse of discretion inhered in the overruling of the objection to the question.

A basic purpose of cross-examination is to impeach the credibility of an adversary witness, and a court may within its sound judicial discretion permit interrogation designed to accomplish that purpose. It is clear from the record here that if the witness had difficulty in recalling the details of his medical treatment, his counsel had ample opportunity to rehabilitate his credibility in the course of his redirect examination. The record discloses that no foreclosure of such rehabilitation was made, and, therefore, we find no error in the ruling of the trial justice.

The plaintiff's second evidentiary exception was taken to the court's sustaining defendant's objection to his inquiring of a police officer as to the meaning of a "No Turn" sign which was located on the ramp entering Route 195 from Taunton avenue. We are unable to agree that any error inhered in this ruling. If the question called for a statement of opinion, the record does not disclose that the police officer was qualified in any manner to express such an opinion. On the other hand, if it did not call for an expression of such opinion but only the meaning of such a sign, that is something that is comprehensible to any ordinary person, and the question clearly invaded the province of the jury and properly was overruled.

There remains plaintiff's exception to the denial of his motion for a new trial in each case. He does not appear to question that the trial justice, in an exercise of his independent judgment, passed upon the credibility of the witnesses and the weight of the evidence. Rather, he contends that the trial justice either overlooked or misconceived testimony establishing that plaintiff's operation of his vehicle was not negligent, which he claims was uncontradicted and unimpeached. In so arguing he relies on the settled law of this state that where evidence on a material issue is uncontradicted and unimpeached, it must control. *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325; *Jackowitz* v. *Deslauriers,* 91 R. I. 269.

As we said in those cases, the trier of fact may not disregard evidence that is uncontradicted and unimpeached. However, in *Jackowitz* v. *Deslauriers* the court made it clear that such evidence in specific circumstances may be impeached by the trial justice for want of credibility. We there held that evidence of such a character was controlling because the trial justice had failed expressly to impeach the testimony for want of credibility. We said therein that we would not imply "from a mere rejection or disregard of such testimony that a trial justice found it to be impeached by his observation of the witness or the manner in which he testified."

In the instant case the trial justice rejected the plaintiff's testimony for want of credibility. In deciding the motion, he said expressly: "I didn't believe everything the plaintiff was saying any more than the jury evidently did." He went on to summarize the evidence concerning conditions which existed at the location of the collision and concluded that however negligent the defendant operator may have been in the operation of his vehicle, he was convinced that plaintiff "did not have control of the car that he should have and that he did not exercise the care that he should have."

It is clear then that the trial justice passed judgment upon the weight of the evidence and the credibility of the witness after seeing and hearing the plaintiff testify. He rejected the testimony for want of credibility and noted that he concurred in the finding of the jury. In such circumstances the plaintiff has failed to sustain the burden of showing that the trial justice was clearly wrong and therefore we conclude that no error inhered in his ruling in each case denying the plaintiff's motion for a new trial. *Labbe v. Hill Bros., Inc.,* 97 R. I. 269, 197 A.2d 305.

The plaintiff's exceptions briefed and argued are overruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Haig Barsamian,* for plaintiff.

*Boss, Conlan, Keenan & Rice, Frederick A. Reardon,* for defendants.