385 A.2d 124.

ARMAND PROCACCIANTI *v.* THE TRAVELERS INSURANCE COMPANY.

APRIL 24, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

Doris, J.    This civil action was brought to recover for certain fire losses under an insurance contract between the parties. The cause was heard before a justice of the Superior Court sitting with a jury. The jury returned a verdict for the defendant, and a judgment was entered accordingly. Subsequently, the plaintiff filed a motion for a new trial which was denied. The plaintiff now appeals from the judgment to this court.

The plaintiff, Armand Procaccianti, was the owner of property located at 58-60 Trask Street in the city of Providence. This property was insured against fire by defendant, Travelers Insurance Company, in the amount of $8,000. On May 9, 1969, the property was damaged by fire, whereupon defendant paid the mortgagee of the parcel, Industrial National Bank, $3,879.28 as loss payee. No payment was made to plaintiff out of the remaining funds.

The plaintiff commenced suit against defendant in April 1973 for the balance of $4,120.72. The defendant asserted that plaintiff's action was barred by the one-year limitation

period contained in the policy, which conformed to the standard set out in G.L. 1956 (1968 Reenactment) §27-5-3. The plaintiff alleged that defendant was estopped from pleading the statute of limitations as a defense due to certain representations made to plaintiff which caused him to delay his suit. These representations concerned indictments handed down in August 1969 charging plaintiff with eight counts of statutory burning as an accessory. Although the fire at 58-60 Trask Street was not among those involved in the indictments, plaintiff claimed that defendant told him that payment would not be made under the policy until the indictments were dismissed. Therefore, plaintiff brought his action following the dismissal of the indictments but subsequent to the expiration of the one-year period of limitation.

The issue before us on appeal concerns the trial testimony of plaintiff regarding the indictments. On direct examination, plaintiff was questioned by his counsel as to the nature of the indictments and their ultimate resolution. When defendant cross-examined plaintiff concerning the dismissal of the indictments, the following exchange took place:

"Q    You know why they were dismissed?
"A    Do I know why they were dismissed?
"Q    Yes, why?
"A    Yes, because I was innocent.
"Q    Isn't it a fact, Mr. Procaccianti, that the indictments were dismissed because they were improperly drawn? Isn't that the reason?
Mr. Watt:    I object.
"A    No, sir."

At this point, plaintiff again objected to the question, stating that the matter was prejudicial to his cause and ought to be substantiated. The trial justice overruled the objection and admonished plaintiff that he should have objected earlier in the interrogation. The plaintiff now asserts that the trial justice erred in overruling the objection

to defendant's question, thus denying plaintiff a fair trial. At no time did plaintiff make a motion to strike the evidence or pass the case, nor did he request a precautionary jury instruction or object to the trial justice's charge to the jury.

It is well settled that the scope of cross-examination is largely within the discretion of the trial justice. *Bedrosian* v. *O'Keefe*, 100 R.I. 331, 333, 215 A.2d 423, 425 (1965); 1 Kent, *R.I. Civ. Prac.* §43.2 (1969). Clearly, plaintiff himself introduced the matter of the indictments at trial on direct examination. The plaintiff repeatedly referred to his exoneration following the dismissal of the indictments; defendant pursued this line of testimony by inquiring into the reasons for the dismissal. Further, as we said in *Bedrosian* v. *O'Keefe, supra* at 334, 215 A.2d at 425, "[a] basic purpose of cross-examination is to impeach the credibility of an adversary witness, and a court may within its sound judicial discretion permit interrogation designed to accomplish that purpose." The plaintiff was free to rehabilitate himself through subsequent testimony, which he did not attempt to do. For these reasons, it is the opinion of this court that there was no abuse of judicial discretion in permitting defendant's inquiry into the indictments on cross-examination.

Even if the trial justice was in error, plaintiff has placed his appeal in jeopardy by failing to take certain steps. The ordinary rule is that objection should be made when the question is asked; if an answer is given before objection can be made, then a motion to strike should be made immediately. *Dawley* v. *Congdon*, 42 R.I. 64, 69, 105 A. 393, 395 (1919). Here, plaintiff failed to prevent the question from being answered and never made a motion to strike. In his brief, plaintiff alleges that he was denied the opportunity to make such a motion by the overruling of his objection. There is no authority for this assertion. Absent a motion to strike, plaintiff's argument on appeal with regard to the objectionable question is weak, if properly before us at all. *See Dawley* v. *Congdon, supra.*

The plaintiff argues that the same justification applies to his failure to make a motion to pass the case or request a jury instruction on the matter. However, again there is no legal basis for such a contention. The cases which plaintiff himself cites in support of his assertion that the trial justice ought to have passed the case or given a proper warning to the jury clearly state that the duty arises "upon complaint being made." *Salimeno* v. *Barber*, 108 R.I. 705, 709, 279 A.2d 419, 421 (1971); *Lavigne* v. *Ballantyne*, 66 R.I. 123, 17 A.2d 845 (1941). In addition, we have held that the absence of a motion to pass a case indicates that the party against whom the testimony weighed believed that it was not prejudicial. *See Martin* v. *Estrella*, 107 R.I. 247, 255-56, 266 A.2d 41, 47 (1970). Further, the general rule with regard to jury instructions is that when no request for instruction is made before the retirement of the jury and no objection to the charge is made, the charge becomes the law of the case. *Geary* v. *Hoffman*, 98 R.I. 413, 418, 204 A.2d 302, 306 (1964); 1 Kent, *supra*, §51.4. It follows that the charge or failure to instruct the jury on a particular matter may not then be attacked on appeal. *Id.; see Romano* v. *Caldarone*, 78 R.I. 107, 113, 79 A.2d 763, 766 (1951). Therefore, it seems evident that plaintiff did not take any of the proper steps to preserve his right on appeal to complain of prejudice in the case.

Furthermore, if error was committed, the plaintiff would have to show that the objectionable testimony substantially influenced the determination of the real issue in the case in order to prove prejudice. *Heuser* v. *Goldstein*, 107 R.I. 317, 321, 267 A.2d 420, 422 (1970). The trial justice, in denying the motion for a new trial, clearly indicated that there was ample and various evidence upon which the jury could have based its verdict. The plaintiff has not demonstrated that the testimony concerning the dismissal of the indictments was of major significance in the determination of the central issue of estoppel. We therefore find that even if the trial justice had committed error in admitting the testimony in question, the

plaintiff has not proven the prejudicial effect of the matter on his case.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court.

*Albert B. Watt,* for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Richard T. Linn, George E. Healy, Jr.,* for defendant.