**Dennis and Brenda RAMBONE**

v.

**TOWN OF FOSTER, et al.**

**No. 98–215–Appeal.**

Supreme Court of Rhode Island.

Nov. 12, 1999.

Paula Lynch Hardiman, Providence.

Michael DeSisto, Providence.

**ORDER**

This case came before the Supreme Court for oral argument on November 3, 1999, pursuant to an order directing Dennis and Brenda Rambone (plaintiffs) to show cause why their appeal should not be summarily decided. The plaintiffs have appealed the denial of their motion for a new trial after a jury returned a verdict for the Town of Foster, town treasurer Ruth Paine, Chief of police John Murray, and Foster police officers Michael Gawel, Eric Rollison, and Pat Length (defendants). After hearing the argument of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

This case arose from the arrest of Dennis Rambone (Rambone) on the afternoon of October 5, 1990, when he and his wife were traveling home to their Foster dairy farm after a day of hauling corn. Rambone alleged that their truck began to make strange noises, so he drove to the side of the road. The plaintiffs were soon approached by Officer Gawel (Gawel) of

the Foster police department who asked them why the truck did not have a rear license plate. Rambone explained that the plate was on the front of the truck,[1] and Gawel ordered Rambone out of the truck. Beginning to be fearful, and desiring to settle the matter in the presence of the Foster Sheriff who was a friend of plaintiffs, Rambone informed Gawel that he would meet the officer at the police station. He then drove his truck into his cornfield approximately one-quarter mile up the road.

In contrast to Rambone's version, Gawel testified that when he approached plaintiffs' vehicle, Rambone immediately drove into his cornfield. Gawel followed, and it was then that Gawel inquired as to the absence of the rear license plate and ultimately informed Dennis that he was under arrest for eluding a police officer. The plaintiffs at this point had abandoned their dump truck and boarded a tractor, which Dennis began to drive into the cornfield, causing Gawel to jump out of the way to avoid being struck.

Rambone did eventually drive the tractor to the police station followed by Gawel and Officer Rollinson, who had joined the scene. Rambone claimed that he was punched in the head, pushed to the ground, and dragged into the station by the officers. The officers, on the other hand, admitting that a struggle ensued but denied having used unreasonable force. There were no witnesses to the scene in the parking lot. As a result of the day's events, plaintiffs filed suit against the defendants for false imprisonment, assault and battery, and deprivation of due process. A jury returned a verdict in favor of defendants. The plaintiffs filed a motion for a new trial, which was denied, and plaintiffs appealed.

The plaintiffs first argued that the trial justice abused his discretion by allowing defense counsel to elicit testimony from Rambone during cross-examination about certain restraining orders issued against him, claiming that the testimony was irrelevant, impermissible for impeachment purposes, and unduly prejudicial. The defendants countered that Rambone gratuitously placed evidence of his non-confrontational character for the jury,[2] thereby "opening the door" for defense counsel to discredit that testimony by presenting conflicting testimony. This Court has held that "[a] basic purpose of cross-examination is to impeach the credibility of an adversary witness, and a court may within its sound judicial discretion permit interrogation designed to accomplish that purpose." *Bedrosian v. O'Keefe*, 100 R.I. 331, 334, 215 A.2d 423, 425 (1965). However, one "may not manufacture an issue in the course of cross-examination for the purposes of impeaching the credibility of [a party] by use of evidence or testimony that would otherwise be inadmissible." *State v. O'Dell*, 576 A.2d 425, 429 (R.I. 1990).

It is our opinion that Rambone did not "open the door," but simply answered the questions posed to him by defense counsel.

> "A. No I'm a very nice person. I've got seven children. Many children come to the house and enjoy the farm. I'm a very good person.
> "Q: You're a nice person. You're not confrontational?
> "Counsel: Objection, argumentative.
> "The Court: Overruled.
> "A. I'm not a violent person of any sort, I've never been in any trouble."
> Following this testimony, defense counsel proceeded to ask Rambone detailed questions concerning the restraining orders.

---

1. Under R.I. Gen.Laws § 31–3–31, farm vehicles are required only to display one license plate. Dennis testified that it is customary for farmers to place the plates on the front of certain vehicles where the plates are less likely to be damaged.

2. At trial, Rambone explained that he did not immediately get off the tractor at the police station because, "I got a broken neck. I got a broken back. The last thing in the world I wanted was a confrontation." The subsequent relevant testimony read as follows:
   > "Q. Mr. Rambone, you are a confrontational person, aren't you?

It was therefore improper to allow the defense to introduce what would otherwise be inadmissible evidence under the guise of impeachment testimony. Any error, however, was harmless inasmuch as there was substantial evidence that Gawel had probable cause to arrest Rambone, who had eluded the officer and the attempted to threaten or strike the officer with his tractor. Importantly, there was no objection at trial to the line of questioning that plaintiff's now allege as error on appeal.[3] "It is axiomatic that 'this Court will not consider an issue raised for the first time on appeal that was not properly presented before the trial court.'" *State v. Gatone*, 698 A.2d 230, 242 (R.I.1997) (*quoting State v. Rivera*, 640 A.2d 524, 526–27 (R.I.1994).

We also reject plaintiffs' second argument that they were entitled to a new trial. There is substantial evidence upon which the trial justice could find that the officers had probable cause to arrest Rambone. Thus, his denial was not clearly wrong. It is well-settled that a trial justice's decision on a motion for a new trial will be "accorded great weight and only be disturbed if it can be shown that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." *Menard & Co. Masonry Bldg. Contractors v. Marshall Bldg. Systems, Inc.*, 539 A.2d 523, 527 (R.I.1988).

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers in this case may be returned.

---

**3.** Plaintiffs' counsel did not object when defense counsel began questioning Rambone with respect to his character. It is only when defense counsel questioned Rambone about the restraining orders that counsel objected on relevance grounds.