JOSEPH G. LAGACE *vs.* BELISLE BROTHERS.

JUNE 15, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Exceptions.*

Where defendant's motion for new trial has been granted by reason of failure of plaintiff to file a remittitur, exceptions to amount of damages fixed by the trial court and to the conditional denial of motion for new trial are immaterial and will not be considered.

*(2)   Automobiles.   Negligence.   Master and Servant.*

In a personal injury action arising out of a collision with defendant's truck driven by his servant, the duties of the servant as driver; the limitations if any upon the route he was to take in driving the truck; and the effect of a slight deviation therefrom are circumstances to be considered by the jury under proper instructions, in determining the fact whether or not at the time of collision he was acting within the scope of his employment, and it was not error under the facts of the case for the court to refuse to pass upon the question as a matter of law.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and overruled.

SWEENEY, J. This is an action of trespass on the case for negligence to recover damages for injuries to person and property sustained by the plaintiff, on account of his automobile being run into by an automobile owned by the defendants and operated by their servant.   The jury returned a verdict for the plaintiff and assessed damages in the sum of $3,278.00.   The defendants duly filed a motion for a new trial alleging the usual grounds.   The trial justice found that the damages awarded were excessive and ordered a new trial of the case unless the plaintiff would remit so much of the verdict as was in excess of $2,500.00 within ten days from the filing of his rescript.   The plaintiff failed to file any remittitur within the ten days specified and consequently the defendants are to have a new trial of the case.   Within seven days after the filing of the rescript the defendants excepted to the decision of the trial justice conditionally denying their motion for a new trial and have duly brought the case to this court upon their bill of exceptions.

One of the exceptions claimed by the defendants is that the amount of the damages fixed by the trial justice is excessive, and one is to the conditional denial of their motion for a new trial. As the motion for a new trial has been granted by reason of the failure of the plaintiff to file a remittitur within the time limited by the trial justice, these exceptions are now immaterial and are not considered.

The defendants also have an exception to the refusal of the court to direct a verdict in their favor. This exception is based upon the claim of the defendants that the evidence shows that the driver of their automobile was not acting within the scope of his employment at the time of the collision. The exception may be urged at this time under authority of *Barker* v. *Barker Artesian Well Co.*, 45 R. I. 297.

The record shows that the defendants are engaged in the bakery business in Woonsocket and have employed Nelson Le Brun for several years as a driver of one of their motor trucks. This truck was used by Mr. Le Brun in delivering the products of defendants' bakery to their customers. Mr. Le Brun owned a tenement house in Woonsocket and had obtained permission from his employers to use their truck for the purpose of conveying his tenant to the office of the local Gas Company. On the day of the accident Mr. Le Brun had been out during the morning delivering the products of the bakery to his employers' customers and at the noon hour he drove the truck, in accordance with his custom, to his own house so he could get his dinner. After dinner he drove the truck to his tenement house and took his tenant on the truck to the office of the Gas Company and, in a short time, returned with her and left her on the sidewalk, on the north side of Elm street, near its junction with Social street. At this place Social street is about forty feet wide and runs north and south. It is intersected by Elm street, extending in an easterly direction, and by West School street extending in a westerly direction. West School street is almost a continuation of Elm street and the intersection of these streets forms a definite four corners.

The usual route taken by Mr. Le Brun in going from his house after dinner to the bakery would be southerly on Social street to West School street. At the time of the collision he had started to cross Social street with the truck from Elm street to West School street and when the truck was about half across Social street it collided with the truck of the plaintiff which was going north on Social street and attempted to pass in front of the defendants' truck. Mr. Le Brun's errand with his tenant ceased when she alighted from the truck on the sidewalk on Elm street and started to walk towards her place of employment.

The defendants claim that, as Mr. Le Brun had not returned to the route usually taken by him after dinner in going from his house to the bakery, he was not acting within the scope of his employment at the time of the accident, and that a verdict should have been directed for them. Upon the facts, as shown by the evidence above stated, the court can not say, as a matter of law, that Mr. Le Brun was not acting within the scope of his employment at the time of the collision. His duties, as driver of the defendants' truck; the limitations, if any, upon the route he was to take in driving it, and the effect of a slight deviation therefrom, were circumstances to be considered by the jury, under proper instruction in determining the fact, whether or not, at the time of the collision, he was acting within the scope of his employment. There was no error in denying the defendants' motion for a verdict. See *Chaufty* v. *DeVries*, 41 R. I. 1; *Devine Adm.* v. *Ward, etc.*, 188 Ill. App. 588; *Mathewson* v. *Edison, El. Il. Co.* 232 Mass. 576; *McKeever* v. *Ratcliffe*, 218 Mass. 17.

All of the defendants' exceptions are overruled, and the case is remitted to the Superior Court for a new trial.

*John R. Higgins*, for plaintiff.

*Wilbur A. Scott, Frederick W. O'Connell, Swan, Keeney & Smith*, for defendants.