IRENE F. CALLAHAN *vs.* WEYBOSSET PURE FOOD MARKET.

MAY 27, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Principal and Agent.   Scope of Employment.   Negligence.   Automobiles.*

In an action against a principal, duty of showing that agent was acting within scope of his employment at all times rests upon plaintiff. When plaintiff has proved ownership of car by defendant and operation by employee, a *prima facie* presumption arises that latter was engaged upon defendant's business at the time of the accident. This presumption is operative only in the absence of any evidence for defendant. It is not one from which an inference of fact may be deduced.

*(2)   Principal and Agent.   Scope of Employment.*

In an action for negligence against principal evidence considered and held
that as there was no proof that agent was acting in the performance of his
duty for defendant at the time of the accident, verdict should have been
directed for the defendant.

TRESPASS ON THE CASE for negligence.   Heard on exception of defendant and sustained.

BARROWS, J.   Action for negligence.   Heard on exceptions of defendant to refusal of trial court to direct a verdict in its favor.

Plaintiff's automobile and defendant's automobile truck driven by one Brady, an employee of defendant, collided at the corner of Burgess and Cranston streets, in Providence, on Saturday, January 27, 1923, at 11 p. m.

Apart from evidence relating to damages to plaintiff's car the only testimony in the case came from plaintiff and her husband on the one side, and on the other from Brady, who had ceased to work for defendant at the time of the trial, and defendant's superintendent of trucks, Mr. Heck. There was evidence that at the time of the accident three men were riding on defendant's truck.   Brady admitted the presence of only one, a young man named Gaskey.   Plaintiff and her husband testified that there were "three baskets of groceries and some empty baskets" in the truck and Brady denied the presence of any groceries.   Both witnesses for defendant admitted that "special" orders were sometimes sent out for delivery after ten p. m., prior to which time Brady usually completed his route.   The testimony of Brady and of Heck, however, was that no groceries were being delivered as "specials" on the night in question. The jury found for the plaintiff in the sum of $198.30.   If liable defendant finds no fault with the verdict.

Defendant was not liable unless at the time of the accident Brady was acting within the scope of his employment. *Colwell* v. *Ætna Bottle & Stopper Co.*, 33 R. I. 531; *Northup* v. *Robinson*, 33 R. I. 496; *Landry* v. *Richmond*, 45 R. I. 504, at 509.   At the close of defendant's evidence it moved that

a verdict be directed in its favor on the ground that there was no evidence to warrant the jury in finding that Brady at the time of the accident was engaged upon defendant's business. *Archie* v. *Hudson-Essex Co.*, 45 R. I. 109. The trial court deeming the present case distinguishable denied the motion and our question is whether there was any evidence of agency or from which agency could be inferred.

(1) The duty of establishing her case, including proof that at the time of the accident Brady was acting within the scope of his employment at all times rested upon plaintiff. *Giblin* v. *Dudley Hardware Co.*, 44 R. I. 371. This court there held, following *Berger* v. *Watjen*, 106 Atl. 740 (R. I.) and *Burns* v. *Brightman*, 44 R. I. 316, that when plaintiff had proved ownership of car by defendant and operation by his employee, a *prima facie* presumption arose that the latter was engaged upon defendant's business at the time of the accident. This presumption, however, is operative only in the absense of any evidence for defendant. It is not one from which an inference of fact may logically be deduced. It is merely a rule of law. Thayer, Preliminary Treatise on Evidence, page 539, at 545, says: "It merely applies or attaches to the circumstances when proved and is not *deduced* from them." Instead of being evidence of the fact of agency, the presumption furnishes plaintiff an excuse for failing to offer evidence thereof. Agency is an assumption employed to promote justice between litigants in the absence of evidence to the contrary. The consequences of the presumption are merely procedural. When met by defendant's testimony that the truck was not being operated upon the business of defendant but was being used by the driver upon an errand of his own, no assumption of agency was warranted merely from ownership and operation. The presumption had become inoperative and of no more force than as if it never had existed. Thereafter plaintiff to succeed was bound either to discredit defendant's evidence or to produce evidence of agency or evidence from which it could be inferred logically. *Archie* v. *Hudson-Essex Co., supra;*

*Colangelo* v. *Colangelo*, 46 R. I. 138. Failure to do so on the plaintiff's part would require the direction of a verdict for defendant.

We thus reach the questions whether defendant's testimony was discredited and whether any evidence existed upon which to warrant a finding of agency at the time of the accident. The trial court found such evidence in the disputed testimony about the presence on the truck of three baskets of groceries and the undisputed testimony that at times the driver took out "special" deliveries after ten p. m. From this evidence the trial court thought that an inference might be drawn that Brady was either making such deliveries at the time of the accident or was completing his regular deliveries. In this we think the court erred. As against such inference it must be observed that the uncontradicted testimony of both Brady and Heck was that the former delivered no specials on the night of the accident. Whatever doubts are suggested about Brady's veracity no attack was made or suggested upon that of Heck. The latter testified that after finishing deliveries Brady's duty was to report to Heck; that Brady was never authorized to use the truck for his own purposes or to carry any one else; that on the night when the accident occurred Brady had reported his day's work of delivering goods on his route at the north end of Providence finished and that before ten p. m. he had turned in his day's collections and report; that Brady told Heck that he was through for the day and that his truck was empty; that after Brady waited around awhile to see if there were any specials Heck told him that no more goods were to be delivered that night and ordered Brady to put his truck up for the night at the store garage on Fountain street, a short distance from the store. The evidence does not show exactly this distance but two miles would be a liberal estimate. At the time of the accident every one is agreed that defendant's truck was one-half mile beyond the garage and traveling away from it and Brady was accompanied by a boy named Gaskey, contrary

to orders.   Brady himself testified that when ordered to the garage he started off from the store for a "pleasure ride" and on errands of his own and Gaskey's instead of following Heck's order and that he was engaged upon an errand of his own, having finished two for Gaskey, when the collision occurred.   There is no dispute that the collision took place an hour after Brady had been ordered to put the car in the garage.   There is nothing unreasonable, inconsistent or improbable in Heck's evidence.   Brady's lack of veracity in denying the presence of baskets of groceries if conceded furnishes no evidence from which the jury might infer that Brady was at the time of the accident engaged upon defendant's business.   It merely shows that a particular statement was untrue.   If we then discredit the whole of his testimony we have no positive evidence of agency such as plaintiff needed to establish her case.   We do not know anything about the contents of the baskets or to whom they were going.   "Three baskets of groceries," a very indefinite expression, is the only positive evidence.   Brady said no baskets were there but, granting his error, what is there to show that these three baskets of groceries had come from defendant's store or were in the course of delivery therefrom at the time of the accident?   They may have been the driver's own goods or Gaskey's goods or goods he was to leave at the garage.   Even assuming that Brady had failed to deliver the three baskets on his regular deliveries, the evidence is plain that at the time of the accident Brady was off his regular route, that he had no authority to go elsewhere than to the garage, after leaving the store at ten p. m., and there can be no denial that the accident occurred at least one-half hour after Brady, if obeying orders, would have put up his truck for the night, and at a place one-half mile away from any conceivably justifiable route from the store to the garage.

There was no evidence to warrant the inference that Brady was delivering "specials".   The only evidence upon which to infer that Brady was on his master's business at the time

of the accident being the "three baskets of groceries", and Brady's possible lack of veracity, and neither of these seeming to us to furnish any proof that the driver was acting in the performance of his duty for defendant at the time of the accident, we think a verdict should have been directed for defendant.

Defendant's exception is sustained.

The plaintiff may appear before this court, if she shall see fit, on June 7, 1926, at 9 a. m. Eastern standard time, and show cause, if any she has, why an order should not be made remitting the case to the Superior Court with direction to enter judgment for the defendant.

*McElroy & Fallon,* for plaintiff.

*Edwin C. Markel,* of Philadelphia, *Quinn, Kernan & Quinn,* for defendant.