**ROSA v. UNITED STATES.**
Civ. No. 1154.

United States District Court
D. Hawaii.

March 31, 1954.

**624**

Samuel Shapiro, John E. Ahrens, Honolulu, Hawaii, for plaintiff.

A. William Barlow, U. S. Atty., Dist. of Hawaii, Louis B. Blissard, Asst. U. S. Atty., Dist. of Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., the plaintiff seeks damages for personal injuries sustained as a result of a collision between an automobile driven by Albert Silva and a jeep operated by an Army private on December 21, 1951, within the City and County of Honolulu, Hawaii.

The parties are in agreement that the material facts are as follows:

Private First Class James Kaimiola, Jr., was assigned December 21, 1951, at Schofield Barracks a military jeep and ordered to proceed to his patrol post at Helemano Radio Station for a 4 p. m. to 12 midnight tour of duty as a security guard. During his period of duty, Kaimiola was absent from his post with his jeep in a nearby town, where within four hours of the accident he consumed six or seven bottles of beer. Enroute back to his station, while driving the jeep at approximately 40 miles per hour and feeling sleepy, Kaimiola's vehicle crossed to the wrong side of Kamehameha Highway and collided head-on with the oncoming vehicle in which the plaintiff was riding, causing thus the injuries complained of.

Upon these facts, the Government moves for summary judgment. Fed. Rules Civ.Proc. rule 56, 28 U.S.C.

The only disputed issue of law is whether or not upon these facts the Army private can be said to have been, while two miles away from his deserted post returning from a frolic of his own, and in a sleepy condition as a consequence of consuming six or seven bottles of beer within four hours before the ac-

cident, then and there acting within the scope of his employment. If he was, the defendant is liable, unquestionably. See 28 U.S.C. §§ 1346(b), 2671 et seq.; King v. United States, 5 Cir., 1949, 178 F.2d 320, certiorari denied, 339 U.S. 964, 70 S.Ct. 998, 94 L.Ed. 1373; and Williams v. United States, D.C.N.D.Cal.1952, 105 F.Supp. 208.

As pointing to liability upon facts such as these, the plaintiff cites McConville v. United States, 2 Cir., 1952, 197 F.2d 680 and Lowe v. United States, D. C.Mo.1949, 83 F.Supp. 128, arguing that Kaimiola had returned to the performance of his duties and thus the defendant was liable, and quotes from the McConville case, 197 F.2d at page 683:

> "Nor do we think that the seven-mile junket from his proposed and authorized route so inextricably took him out of the scope of his employment * * *. Hence where the agent, completing his employer's business, goes off on his own, no liability attaches to the outward journey. (Cases cited.) But when that business is completed, and the agent starts back, 'at some point in the route' he again enters the principal's business. (Cases cited.) This 'point' is not passed the moment the agent starts his return trip, (cases cited) but neither is it at the place of re-entry on the route authorized by the principal."

This Court is familiar with the theory of liability expressed in the McConville case. See 5 Am.Jur. "Automobiles", § 377 et seq.; The Restatement, Agency, § 237 (1933). Without doubt there are fact situations warranting the application of the doctrine. However, here, the defendant's driver was obviously not within the sphere of his employer's business nor even reasonably adjacent thereto, for the driver had a fixed post of duty two miles distant. Further, it cannot be overlooked that his sleepy physical condition induced by the consumption of beer precluded his then and thereafter being about his employer's business as a security guard. Sure-

ly implicit in the doctrine urged by the plaintiff is the requirement that the wayward employee be, at the indefinite "point" on the road back when liability resumes, in a normal, alert, sober condition, fit and ready for active duty.

Such not being true here, the theory of liability pressed by the plaintiff is rejected. It follows that the defendant must prevail upon the motion in point of law.

Motion granted.