IRENE BELANGER *vs.* CARMEL POULIOT *d.b.a.* HOME COAL CO.

BEATRICE BELANGER *vs.* SAME.

AUGUST 12, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. These two actions of trespass on the case for negligence were tried together before a justice of the

superior court sitting with a jury. The defendant's motion for a directed verdict in each case was granted. Both cases are before us on the plaintiffs' exceptions to such action of the trial justice.

It appears from the evidence that on March 15, 1952 about 4:30 p.m. the plaintiffs were struck and injured by an automobile owned and operated by Laura Demers, a bookkeeper employed by defendant who conducted his business in the city of Woonsocket under the name of Home Coal Co. The plaintiffs were walking across Flynn Square at a pedestrian crosswalk in that city. The police officer who was in charge of the traffic booth at that point testified that the traffic light was amber at the time, which was a signal for pedestrians to cross and for all other traffic to come to a stop.

Miss Demers, who was called by the plaintiffs as an adverse witness under the statute, testified in substance that she had been employed as a bookkeeper for defendant for thirty-six years; that for a considerable period before the accident she, with the knowledge and consent of her employer, had been accustomed to take home from the office books and papers of the defendant so that she might work upon them there; that as part of her employment she also made collections on outstanding accounts; that she stopped at the post office six days a week to get the office mail; that in carrying out such duties she sometimes used her own car and sometimes the car of her employer, whichever was available at the time; and that if she used her car on the company's business the defendant supplied the oil and gas. On the date of the accident, according to her testimony, she was using her own car to bring back to the office certain payroll records on which she had worked at home, saying: "I was returning to the Home Coal Co. * * * I was going back to get further working papers."

On cross-examination she testified that she had left her home on Cass avenue in the late afternoon; that her

destination was the Home Coal Co.; and that instead of going there directly she stopped at a store on Social street and then headed for the shopping district of the city intending to stop at Grant's store on High street to make a purchase for herself, but that when there was no parking place to be found there: "I just let go the idea of stopping and I was returning directly to the Home Coal." The accident occurred at Flynn Square, which according to Miss Demers was about 200 to 250 feet beyond the entrance to Grant's store. At the time she had with her the company's old and new payroll books, both of which she had been working on at home for the benefit of her employer.

The defendant, who also was called as a witness by plaintiffs under the statute, testified that he knew Miss Demers took papers to work on at home and he never objected to it. In that connection he stated: "I don't object. She always done it." He testified further that Miss Demers used her own car most of the time on trips to Boston to make purchases for Home Coal Co. and that he gave her gasoline for these trips. He also stated that the work she did at home was for the benefit of the company and that when she was using her car on any errand for the company he never told her to go by any particular route.

At the conclusion of the testimony for plaintiffs, the defendant presented no evidence but moved for the direction of a verdict in his favor in each case. Both motions were granted by the trial justice on the theory that there was *no* evidence to support the contention of plaintiffs that at the time of the accident Miss Demers was acting as an agent or servant of the defendant within the scope of her employment. The issues of negligence of the operator of the automobile or contributory negligence of the plaintiffs were not involved in the determination of such motions.

As stated by the trial justice the pertinent issue was whether at the time of the accident Miss Demers was engaged on a private mission of her own or whether she was

acting as an agent or servant of the defendant within the scope of her employment so that her negligence, if any, was imputable to her employer. In passing upon a motion for a directed verdict it is the duty of the trial justice to consider the evidence in the light most favorable to the adverse party. In the instant cases there appears to be evidence which, when viewed most favorably to the plaintiffs, tends to show not only by reasonable inferences but also by testimony, direct and positive in its nature, that there were material issues for determination not only with reference to the scope of Miss Demers' employment but also as to whether she was negligent in the operation of her automobile if she was then using it in the discharge of her duties for the defendant. In the circumstances these issues should have been submitted to the jury in the first instance and the granting of defendant's motion for a directed verdict in each case constituted reversible error.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for a new trial.

*Thomas J. Kane,* for plaintiffs.

*Francis V. Reynolds, Richard P. McMahon,* for defendant.