[No. 35130.   *En Banc.*   August 25, 1960.]

DALLAS W. FOOTE *et al., Appellants,* v. J. F. GRANT *et al., Defendants.*

DALLAS L. FOOTE *et al., Appellants,* v. J. F. GRANT *et al., Defendants,* NATIONAL SURETY MARINE INSURANCE CORPORATION, *Respondent.*[1]

[1]Reported in 354 P. (2d) 893.

*E. K. Murray & E. M. Murray,* and *H. Frank Stubbs,* for appellants.

*Rosling, Williams, Lanza & Kastner, Joseph J. Lanza,* and *Paul C. Gibbs,* for respondent.

HILL, J.—The issue on this appeal is whether the driver of an automobile, who was responsible for a collision, was driving it with the permission of the owner, express or implied, at the time of the collision.

The Footes sustained injuries in consequence of the negligence of Oscar John Wernegreen who was driving a car belonging to J. F. Grant, from Chicago to Seattle. (For a more detailed statement of the facts and circumstances, see the opinion in *Foote v. Grant* (1960), 55 Wn. (2d) 797, 350 P. (2d) 870.) They secured default judgments against Wernegreen totalling $31,850; but the jury re-

turned a verdict in favor of the defendant, J. F. Grant. That verdict we affirmed in *Foote v. Grant, supra,* holding that the principle of *respondeat superior* was not applicable; that Grant was not liable since Wernegreen was on "a frolic of his own," was not within the scope of his employment, and was in no way furthering the interests of Grant at the time and place of the collision.

Grant, however, had a liability insurance policy with the respondent, National Surety Marine Insurance Corporation, under which coverage was extended not only to the named insured (J. F. Grant), but also to any "employee" while "acting within the scope of his duties as such," and "any person" while using the automobile covered by the policy, "provided the actual use of the automobile is by the named insured or with his permission." This is usually referred to as an "omnibus clause."

The Footes obtained a writ of garnishment directed to the insurance company. It answered, denying liability to the defendant Wernegreen for the judgments obtained against him. The answer was controverted by the Footes who contended that Wernegreen was an additional insured under Grant's policy. On an application for summary judgment, the writ of garnishment was dismissed. The Footes appeal.

■ Our decision in *Foote v. Grant, supra,* is *res judicata* of the proposition that Wernegreen was not an employee "acting within the scope of his employment." However, we made it clear that the "omnibus clause" or "permissive use" provision might extend the insurance coverage beyond the limitations that would otherwise exist under the law of principal and agent. (*Hamm v. Camerota, Sr.* (1955), 48 Wn. (2d) 34, 290 P. (2d) 713; *Vezolles v. Home Indemnity Co.* (1941), 38 F. Supp. 455.)

In *Wallin v. Knudtson* (1955), 46 Wn. (2d) 80, 278 P. (2d) 344, we pointed out the three classifications into which the cases fall where the issue has been whether the actual use of an automobile, at the time of collision, was with the permission, express or implied, of the named insured. It seems unnecessary to cover that ground again.

Appellants ask us to adopt the so-called liberal rule and to

" . . . follow the authorities which adopt the principle that an original permission to use the car includes any use thereafter made of the vehicle." *Yurick v. McElroy* (1949), 32 Wn. (2d) 511, 525, 202 P. (2d) 464.

We specifically rejected this construction of the "omnibus clause" in *Yurick v. McElroy, supra.* A majority of the court still adheres to that rejection.

■ We have, in *Wallin v. Knudtson, supra,* and other cases, applied the immaterial or permissible deviation rule which permits a deviation beyond the letter but within the spirit of the express or implied permission to the use of the car given by the named insured.

The appellants, seeking to come within that rule, cite the *Wallin* case, but it is readily distinguishable. There the permission to use the car was for the accommodation of a comrade-in-arms for social purposes, and, as we indicated, a general or comprehensive permission is much more readily to be assumed where the use of the car is for social or nonbusiness purposes. *Jordan v. Shelby Mut. Plate Glass & Cas. Co.* (1943), 51 F. Supp. 240, 242; affirmed 142 F. (2d) 52.

■ In the present case, the named insured was a used car dealer, and the object of the used car being delivered to Wernegreen in Chicago was to have it driven to Seattle for purposes of resale. Wernegreen signed an agreement, on taking possession of the car, which designated certain routes (additional routes had been added to those originally designated to permit him to travel through Yellowstone National Park and Portland, Oregon), and provided that any deviation from those routes "other than for normal road detours" would be deemed a conversion of the vehicle and subject him to prosecution.

Wernegreen's deviation at Kelso from the designated route, highway No. 99 (a direct four-lane highway from Portland north to Seattle), to go west down the Columbia river highway and thence north along the coast to Aber-

deen, was not a "normal road detour," but, as indicated in *Foote v. Grant, supra,* it was at least a route to Seattle. The further deviation to Hoquiam and the ocean beaches (and it was while returning from this deviation that the collision occurred) was certainly not on any route to Seattle, and was not within any express or implied permission from the named insured.

The appellants rely heavily on Wernegreen's testimony that someone (he did not know who) at the drive-away service, through which he secured possession of the car, had told him that the route did not make any difference so long as he did not go over twenty-five hundred miles and arrived in Seattle by August the 30th.

This claimed blanket permission to wander all over the countryside, while driving Grant's car to Seattle, had to come from the named insured, *i.e.,* Grant or Grant's agent (concededly it did not come from Grant). It is axiomatic that an agent's authority, express or apparent, cannot be proved by the statements or actions of the agent, but only by those of the principal. *Codd v. New York Underwriters Ins. Co.* (1943), 19 Wn. (2d) 671, 680, 144 P. (2d) 234.

We have but recently considered the right to rely on an agent's claimed apparent authority, based solely on his own representations, to vary the form of a written contract put out by his principal. *Haagen v. Landeis* (1960), *ante* p. 289, 352 P. (2d) 636.

We find no apparent authority for this unknown man to act for Grant, in authorizing Wernegreen to disregard the designated routes in his signed agreement and to travel anywhere he pleased just so he did not go over twenty-five hundred miles between Chicago and Seattle.

The trial court correctly held that Wernegreen was not driving Grant's automobile with his permission, express or implied, at the time and place of the collision in which the appellants sustained their injuries; and the summary judgment in favor of the respondent is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, ROSELLINI, and OTT, JJ., concur.

FOSTER, J. (dissenting)—I dissent for the reasons stated in my dissenting opinion in *Foote v. Grant*, 55 Wn. (2d) 797, 803, 350 P. (2d) 870.

FINLEY, J., concurs with FOSTER, J.

HUNTER, J. (dissenting)—I dissent for the reasons expressed by Judge Finley in his dissent in *Foote v. Grant*, 55 Wn. (2d) 797, 810, 350 P. (2d) 870, to which I concurred.