243 A.2d 115.

RALPH ALDCROFT *vs.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

FRANK REDDINGTON *vs.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

JUNE 26, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This case is before us on the defendant's appeal from judgments entered on jury verdicts in favor of the plaintiffs Ralph Aldcroft and Frank Reddington in the amount, plus interest, of $4,500 and $15,000 respectively. The defendant contends that the trial justice erred in denying its motion for a directed verdict, in refusing to charge the jury on the law of joint enterprise and in denying its motion for a new trial.

The pertinent facts are as follows. On November 5, 1964, Donald A. Wiberg, an employee of defendant, was involved in an automobile collision with plaintiffs, members of the Traffic Division of the Pawtucket Police Department. Just prior to the time of the accident, plaintiffs were proceeding east on Church Street, Pawtucket, on their way to the scene of an accident. Mr. Wiberg, on the other hand, was traveling north, in the left lane, on Pine Street. At the intersection of Church and Pine Streets is a traffic control light which, at the time of the accident, was against the plaintiffs. Because traffic on Pine Street had come to a standstill, apparently in response to the police vehicle's siren, plaintiffs entered such intersection at a reduced rate of speed. Mr. Wiberg, however, being of the opinion that the traffic slowdown in the right lane of Pine Street was due to a mechanical failure in the vehicle first in line, also proceeded to enter the intersection wherein the aforesaid collision resulted.

The automobile operated by Mr. Wiberg at the time of the accident was registered to and owned by him. During the course of the trial it was established that Mr. Wiberg was a Pawtucket resident who was employed by defendant as a debit agent in three sections of the Mount Pleasant district in Providence; that he operated out of defendant's Johnston office; that he alone set his working hours; that he was not required to use an automobile in his work and

was not compensated in any way for expenses incurred by him in its use; that he was scheduled to go on vacation the day after the accident; that he had to make five or six calls for defendant before going on vacation; and that he had not completed these calls when he departed from his debit area on the day of the accident to attend a wake at a funeral home in Pawtucket.

After paying his respects at the aforesaid funeral home, Mr. Wiberg entered his automobile and drove to his home in Pawtucket where he proceeded to eat lunch. Shortly thereafter he left his home intending to return to his debit area six or seven miles distant for the purpose of completing the aforesaid calls. When Mr. Wiberg reached the intersection of Church and Pine Streets, which we have stated previously was the scene of the accident, he was several miles from his debit area in Mount Pleasant.

We consider first defendant's contention that Mr. Wiberg was acting outside the scope of his employment at the time of the accident and that, therefore, the trial justice erred in denying its motion for a directed verdict. The defendant alternatively bases its contention on the alleged fact that Mr. Wiberg had deviated from and had not yet returned to the scope of his employment at the time of the accident or, that at the time of the collision, defendant had no right of control over Mr. Wiberg in the operation and management of his automobile.

In passing on the motion for a directed verdict

" * * * the authority of the trial justice was governed by a well-established practice which has been approved by this court in a long line of cases. It is the duty of the trial justice, in passing upon such a motion, to view, in a light most favorable to the adverse party, all the evidence and the reasonable inferences to be drawn therefrom, and a verdict should not be directed unless the only reasonable finding or inference that can be made is against the adverse party. In considering such a motion, the trial justice cannot pass upon questions

of credibility of the witnesses or weight of the evidence, but will consider as true all the evidence submitted on behalf of the adverse party and will resolve all the reasonable inferences in favor of the contention of the party opposing the motion."

*Marcinko* v. *D'Antuono,* 104 R. I. 172, 180, 243 A.2d 104, 109. See also *Berkowitz* v. *Simone,* 96 R. I. 11, 14, 188 A.2d 665, 667; *Young* v. *Young,* 56 R. I. 401, 405, 185 A. 901, 903; *Dawley* v. *Congdon,* 42 R. I. 64, 71, 105 A. 393, 396.

In denying defendant's motion for a directed verdict, the trial justice stated:

" * * * we have other factors here; whether or not Mr. Wiberg was in the scope of his employment or in the course of his employment at the time of the incident in question. We have his testimony he had gone to a wake and dropped his car somewhere, and then came back, got into his car, went home and had something to eat, and then was returning to his debit territory, which was quite a few miles away; that he was leaving the next day for a vacation.

"There is enough here in which the jury can determine; it's a question of fact, as I see it, it isn't one I can pass on as a question of law as to whether or not he was in the scope of his employment. They can consider the distance from his home to his base office in Johnston, from his home to his debit area, which was a very large section of Providence. He said that on that date he had to make four, five or six calls, and that his books and records were in the car; they contained his entire debit. * * *"

It is our opinion that on the evidence presented the trial justice erred in refusing to grant defendant's motion for a directed verdict.

On the question of deviation from the scope of one's employment in situations similar to the one before us, this court said in *Haining* v. *Turner Centre System,* 50 R. I. 481, 482, 149 A. 376, 377:

"Whether an act is within such scope is often difficult to ascertain. Such question is ordinarily one for

a jury * * * but its submission is not warranted unless * * * plaintiff offers evidence that the servant acted within the scope of his employment or facts upon which to base a reasonable ground for inference thereof. In the absence of such * * * evidence, or basis of fact for inference, a verdict must be directed for defendant. *Callahan* v. *Weybosset Pure Food Mkt.*, 47 R. I. 361."

On the record before us, plaintiffs have failed to offer evidence that Mr. Wiberg was acting within the scope of his employment. Nor do we find that plaintiffs have presented a set of facts upon which a reasonable inference thereof may be based.

In cases of this nature we must concern ourselves with two basic issues. We must first determine whether Mr. Wiberg was outside the scope of his employment when he deviated from his authorized route. If we should answer this question in the affirmative, it would then be necessary for us to determine at what point, if any, Mr. Wiberg reentered the scope of his employment. The question of reentry would be before us notwithstanding the fact that defendant had no control over the hours worked by Mr. Wiberg. Although Mr. Wiberg could work his own hours, he was under a duty to his employer to complete his week's work. As we have stated previously, the record shows that in order to take his vacation as planned, Mr. Wiberg would have had to return to his debit area at some time during the day of the accident. It follows, therefore, that the aforesaid departure from his debit area was of a temporary nature.

In passing upon the former question we are governed by the rule set forth in *Lagace* v. *Belisle Brothers*, 45 R. I. 200, 121 A. 395. In that case we said that where an employee deviates only *slightly* from his authorized route, whether or not he is outside the scope of his employment at the time of deviation is a question of fact for the jury. In the instant case the evidence is conclusive in establishing that Mr. Wiberg left his authorized route in the Chalk-

stone Avenue area of Mount Pleasant to attend a wake at a funeral home on Broadway, Pawtucket; that he subsequently left the funeral home and went to his home in Pawtucket for lunch; and that his home was six to seven miles from his debit area. On these facts, we conclude that Mr. Wiberg engaged in more than a slight deviation from his authorized route when he attended the wake and went home for lunch. Consequently, as a question of law, we conclude that Mr. Wiberg had ventured outside the scope of his employment.

We turn next to the question of when, if at all, Mr. Wiberg reentered the scope of his employment. As we have stated previously, he was several miles from his debit area at the time of the accident. Some jurisdictions have adopted the view that an employee who has made more than a slight deviation from his authorized route reenters the scope of his employment the moment he begins to turn back to the point of deviation;[1] others have held that he reenters it only when he is reasonably close to the point of deviation;[2] and still others have said that he reenters it only when he has actually returned to his authorized route.[3] Seavey, *Law of Agency*, §87 at 151.

It is apparent from our decisions in *Colwell* v. *Aetna Bottle & Stopper Co.*, 33 R. I. 531, 82 A. 388, and *Anderson* v. *Miller*, R. I., 142 A. 616, that this court has adopted the third view. In *Colwell, supra,* a chauffeur in the general employ of the defendant was ordered to take the defendant's automobile to a garage where he was to wash it and

---

[1]*Rosa* v. *United States,* D. Hawaii, 119 F. Supp. 623.

[2]*Kaplan Trucking Co.* v. *Lavine,* C.A. 6th, 253 F.2d 254; *Isherwood* v. *Douglas,* 34 N. J. Super. 533, 112 A.2d 756; See 1 Restatement of Agency §237, p. 531.

[3]*Parrott* v. *Kantor,* 216 N. C. 584, 6 S.E.2d 40; *Foote* v. *Grant,* 56 Wash.2d 630, 354 P.2d 893; *Hall & Marlow* v. *Halifax Transfer Co.,* Nova Scotia Sup. Ct., 18 Dom. L.R.2d 115; *Barela* v. *De Baca,* 68 N. M. 104, 359 P.2d 138.

leave it for the night. The chauffeur, contrary to his orders, drove past the garage, took a fellow employee home, stopped at a restaurant for supper and then proceeded back towards the garage for the purpose of effecting his master's orders. Before reaching the garage he collided with the plaintiff's automobile. At the trial of the case, the trial justice granted defendant's motion for a directed verdict. This court, in upholding the trial justice's decision, held at 535, 82 A. at 390, as follows:

> " * * * at the time of the accident, the defendant's servant was not acting within the scope of his employment. When he first arrived at the garage on Bradford street it was his duty, then, to take the automobile into the garage and wash it and put it up for the night. That was all that he was instructed or expected to do. He had no authority either express or implied to use the machine for the benefit of another employee, or for his own convenience in going to get his supper. His use of the automobile from the time he left the Bradford street garage and during the whole circuit that he made from that point to Potter's avenue, and from there to the restaurant on Westminster street, and from there back to the Bradford street garage, was unauthorized and beyond the scope of his employment. * * *"

In *Anderson* v. *Miller, supra,* an employee of the defendant was ordered to collect a number of bills from debtors residing in nearby areas and, upon completing said collections, to return to the defendant's place of business. Upon completing his business, the employee, instead of returning directly to the defendant's place of business, went in the opposite direction to a clothing store, restaurant, bowling alley and another restaurant. He then began his return trip to the defendant's place of business and was only a short distance from it when he collided with the plaintiff's automobile. This court upheld the trial justice's decision granting the defendant's motion for a directed verdict and, in so doing, said:

"Plaintiff argues that, even if there had been a deviation by Wilcox from a specified route, it was only of a temporary nature, and whether he had resumed his employment, and the relation of master and servant existed at the time of the accident, was a question of fact for the jury. This argument cannot be sustained. The uncontradicted testimony shows that Wilcox, for purposes entirely personal and contrary to his employer's instructions, made such a substantial deviation from the route designated by his employer and departure from his business as to relieve his employer from liability for his acts. If Wilcox had returned to defendant's garage over the route designated by defendant, his automobile would not have been on Warren avenue and plaintiff would not have been injured."

In the instant case plaintiffs do not challenge the fact that at the time of the accident Mr. Wiberg was several miles distant from his authorized debit area. Accordingly, under the law in this state as set forth in *Colwell* and *Anderson, supra,* plaintiffs have failed to present a set of facts upon which one could reasonably infer that Mr. Wiberg was acting within the scope of his employment at the time of the accident. It therefore follows that the trial justice erred in failing to grant defendant's motion for a directed verdict.

*Belanger* v. *Pouliot,* 82 R. I. 330, 107 A.2d 426, upon which plaintiffs rely, is inapplicable to the case before us. In that case the defendant's employee was returning to work with payroll records upon which she had worked at home with her employer's permission when she decided to shop for her personal needs in a nearby shopping district. Unable to find a parking space, she decided to return to her employer's office. On her way back, however, she collided with the plaintiff pedestrians. This court stated that there was evidence, which when viewed most favorably to the adverse parties, tended to show that the question of scope of employment was one for the jury.

Unlike the instant case which involves the question of when an employee who has deviated more than slightly from his authorized route reenters the scope of his employment, *Belanger, supra,* concerned itself only with the question of whether the defendant's employee had undertaken more than a slight deviation from the scope of her employment. The plaintiffs in *Belanger, supra,* having shown that the defendant's employee had never been authorized to travel by one particular route in returning to her employer's place of business and that the primary objective of her return trip was to return to her employer records upon which she had worked, urged only that the employee's trip to the shopping district was merely a slight deviation from her employer's service and therefore should not relieve her master from liability. See Plaintiffs' Brief at 16, Rhode Island Supreme Court Briefs, 1953-54, No. 19425.

Because it found merit in the plaintiffs' contention, the court in *Belanger, supra,* never had to face the question which is before us in the instant case and which we have already answered by holding that the trial justice erred in denying defendant's motion for a directed verdict since, as a question of law, Mr. Wiberg had not yet returned to the scope of his employment at the time of the accident in which he was involved.

In these circumstances, we find it unnecessary to discuss the defendant's remaining contentions.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the cases are remanded to the superior court for entry of judgment for the defendant in each case.

POWERS, J., concurring. Agreeing with the result that they have reached, I have difficulty with the majority's interpretation of the facts. It is uncontroverted that by the terms of his employment, defendant's agent Wiberg was to make collections, render services and solicit new business

in an assigned and specifically delineated debit area, six or seven miles from his home. Further, Wiberg was to perform these duties in accordance with a work schedule arranged and altered by him at will.

It seems to me, therefore, that the curtailment of his duties, apparently shortly after noon, in favor of paying a visit at the funeral parlor and having lunch at home, constituted termination of a work period rather than a deviation from the scope of his employment. So considered, Wiberg's status at the time of the accident was no different than it would have been had the accident occurred when he was en route to the debit area in the morning.

The question to be resolved then, it seems to me, is: Would the jury have been warranted in finding that Wiberg entered the scope of his employment on leaving home for either the office in Johnston or the debit area in which he worked? On the facts of this case, I think not.

They conclusively establish that in acting on behalf of defendant, Wiberg was limited to an assigned debit area, but as to how he would reach it, defendant assumed no responsibility. In such case, Wiberg's travel to and from his debit area was no more within the scope of his employment than is the daily travel between home and work common to most employees.

ROBERTS, C. J., dissenting. I am unable to agree with the majority's conclusion that Wiberg, the defendant's employee, was not acting within the scope of his employment at the time the vehicle being operated by him was in collision with that of the plaintiffs. I agree fully with my brother Powers' view that this is not a case which involves a deviation by Wiberg from the scope of his employment.

The majority rely upon *Haining* v. *Turner Centre System,* 50 R. I. 481, 149 Atl. 376, *Colwell* v. *Aetna Bottle & Stopper Co.,* 33 R. I. 531, 82 Atl. 388, and *Anderson* v. *Miller,* R. I., 142 Atl. 616, to reach the conclusion that the issue

involved herein concerns the question of deviation from the scope of one's employment. An examination of the latter two cases discloses that each involved a situation in which an employee had been given specific instructions to follow a particular route in discharging the requirements of his employment. *Haining* is further distinguishable from the instant situation as it involved a violation by the employee of the express orders of his employer not to drive the employer's truck, and the plaintiff failed to present any evidence that the employee was acting within the scope of his employment at the time of the accident. 50 R. I. at 482, 149 Atl. at 377. As is pointed out in the concurrence of Mr. Justice Powers, Wiberg was at liberty to arrange and alter his work schedule to suit his convenience, and in these circumstances a jury could have found that he had entered the scope of his employment upon leaving his home either for the office or for the debit area.

Generally, the fact that an employee uses his own vehicle to travel to the site of his employment is insufficient, in the absence of peculiar circumstances, to warrant a conclusion that the employee was then acting within the scope of his employment and that his employer is chargeable with responsibility for the negligent operation of the vehicle. See annotation in 52 A.L.R.2d 287, 303. The instant situation, however, presents such special circumstances.

Wiberg testified that defendant did not expressly require him to use his automobile while performing his duties. However, he did use his car when he worked for the company because he found himself able to thus more effectively discharge those duties. There was further testimony from defendant's district manager that a $10 weekly allowance was paid only to the debit men on the road but that he did not know what was the basis for this allowance. In my opinion, such testimony is susceptible of a reasonable inference that a benefit accrued to defendant by reason of Wi-

berg's use of his car while calling upon his clients within the territory assigned to him. In these circumstances, it is my opinion that it was properly left to the jury to determine whether, in all the circumstances, the employee entered into the scope of his employment when he left his home to proceed to the debit area. See *Richards* v. *Metropolitan Life Ins. Co.*, 19 Cal.2d 236, 120 P.2d 650.

I am convinced that when a jury finds in these circumstances that from the operation of an employee's car between his home and his place of employment a benefit accrues to the employer, it must be concluded that such operation is within the scope of the employee's employment. Where such is the case, I am persuaded that the protection of other travelers on the highway from injury resulting from the torts of such an employee should, as a matter of sound public policy, rest upon the employer. Accordingly, I hold that the question was one for the jury.

*John F. McBurney, William J. Burke,* for plaintiffs.

*Higgins & Slattery, Eugene V. Higgins,* for defendant.