304 A.2d 655.

RICHARD E. PINA, JR., *p.a.*, *et al. vs.* NARRAGANSETT
DONUTS, INC. *et al.*

MAY 17, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J.   This civil action was brought by Richard
E. Pina on behalf of his son, Richard E. Pina, Jr., and on
his own behalf for negligence against Narragansett Donuts,
Inc. (hereinafter referred to as Narragansett Donuts) and
H. Rohtstein & Co. (hereinafter referred to as Rohtstein).
The case was tried to a justice of the Superior Court sitting
with a jury, and at the close of the plaintiffs' testimony
regarding liability each defendant moved for a directed ver-
dict pursuant to Super. R. Civ. P. 50(a).   The motion of
the defendant Narragansett Donuts was granted, while the
motion of the defendant Rohtstein was denied.   At the close

of the taking of testimony, the defendant Rohtstein again moved for a directed verdict, which was granted by the trial justice. The plaintiffs are now in this court prosecuting an appeal from the action of the trial justice in granting each defendant's motion for a directed verdict.

It appears from the record that on January 10, 1967, a truck owned by defendant Rohtstein and operated by an employee was making a delivery at a plant owned and operated by Narragansett Donuts. Richard E. Pina, Jr., then 12 years old, was on his way home from school with three companions when they came upon Rohtstein's truck at the Narragansett Donuts plant. According to the testimony of the boys, one of them asked the driver if they could help him unload the truck. The driver agreed, and the boys proceeded to help in the unloading of the truck, and, according to the testimony of the boys, the driver gave them a dollar for their help. Later that evening the Pina boy noticed a swelling in his groin and subsequently underwent surgery to correct a hernia. The instant action was brought to recover damages for the injury sustained by the Pina boy.

The duty of a trial judge in deciding a motion for a directed verdict has been frequently stated by this court. In *Marcinko* v. *D'Antuono*, 104 R. I. 172, 180-81, 243 A.2d 104, 109 (1968), we held that the trial justice, in passing on such a motion, has the obligation "* * * to view, in a light most favorable to the adverse party, all the evidence and the reasonable inferences to be drawn therefrom, and a verdict should not be directed unless the only reasonable finding or inference that can be made is against the adverse party. In considering such a motion, the trial justice cannot pass upon questions of credibility of the witnesses or weight of the evidence, but will consider as true all the evidence submitted on behalf of the adverse party and will resolve all the reasonable inferences in favor of the con-

tention of the party opposing the motion." *Aldcroft* v. *Prudential Ins. Co. of America,* 104 R. I. 240, 242-43, 243 A.2d 115, 117 (1968).

There is in the record testimony that, under the rule stated in *Marcinko,* would require the court to submit the case to the jury on the issue of whether the employee had engaged the minor plaintiff to assist him in unloading the truck. Were this the controlling issue, the court would have erred in granting defendant Rohtstein's motion to direct a verdict. However, it is not, the prime issue here being whether the employee had authority, either express or implied, to hire another to assist him in unloading the truck. The plaintiff contends that, in delivering the truckload of material to Narragansett Donuts' plant, the driver was acting within the scope of his employment and from that concludes that the employee had authority, either express or implied, to engage the services of the minor plaintiff.

The plaintiff, as we understand him, is arguing that when an employee, acting within the scope of his employment, undertakes to do something that is in furtherance of his employer's interests, authority to do so will be implied in law. With this we are unable to agree, at least where the action undertaken was to engage another to assist him in the performance of his duties. It is our opinion that in order to establish an employee's authority to engage another to assist him in the performance of his duties, it is necessary to show either a grant of such authority in express terms, or circumstances and conditions from which such authority may be implied in fact.

The view we thus take, in our opinion, is consistent with the thrust of the rule laid down in Restatement (Second) *Agency* §81(1) at 204 (1958). That section reads: "A servant is not authorized to permit, or to employ another, to perform acts of service which he is employed to perform

unless it is so agreed between the master and the servant." As we read the proposition set out in Restatement, a servant's authority to employ another to perform services which he is employed to perform should be held to exist only as the result of an agreement, express or implied, between the master and servant.

An examination of the record discloses no evidence adduced at trial tending to establish that defendant Rohtstein had authorized the driver in express terms to employ an assistant in unloading the truck. To the contrary, it appears that both Hyman Rohtstein, owner of defendant trucking company, and the driver testified that no express authority had been given him to hire an assistant. There being no testimony in the record adduced through plaintiff that would be in conflict with the testimony adduced through defendant and the driver, it is clear that under *Marcinko* there was nothing that would require the trial justice to send that issue to the jury.

We are constrained also to conclude, after scrutinizing the record closely, that no evidence contained therein tends to establish facts from which implied authority to hire an assistant could be inferred. There is no evidence concerning the nature of the employment or the conditions and circumstances under which it was performed. Nothing in the record reasonably could have supported a finding that defendant knew of or consented to any such conduct on the part of the driver. In short, the record is devoid of any evidence that would have required the trial justice to send this case to the jury.

We cannot agree that *Schiano* v. *McCarthy Freight System, Inc.*, 75 R. I. 253, 65 A.2d 462 (1949), supports plaintiffs' position in the instant case. As the court said at 262, 65 A.2d at 466-67, referring to *Schiano* v. *McCarthy Freight System, Inc.*, 72 R. I. 455, 53 A.2d 527 (1947): "Therein we observed that the picking up of the barrel at Bojar Com-

pany's shop and delivering it to Handy & Harman was an undertaking in which they and defendant all had a common interest, and that if plaintiff as a servant of Bojar Company and at its command participated in the handling of the barrel and the negligence of defendant's driver was the proximate cause of plaintiff's injury defendant would be liable." We are persuaded that the "common interest" of the parties in that case referred to by the court clearly distinguishes it from the instant case.

Neither can we agree that the ruling in *Baynes* v. *Billings,* 30 R. I. 53, 73 A. 625 (1909), should be considered controlling in the instant case. There it is obvious that there was a definite conflict in the testimony as to whether or not the defendants had authorized, under the conditions shown, the elevator operator to seek assistance from someone else to make the minor repairs. Here there is no similar conflict in the testimony relating to authority.

We turn to the matter of the direction of a verdict for the defendant Narragansett Donuts. It is to be conceded that if the plaintiff were on the premises of the defendant Narragansett Donuts as a business invitee, the defendant would owe him a duty to use reasonable care to maintain the premises in a condition reasonably safe for the purposes of the invitation. *DeMello* v. *St. Thomas the Apostle Church Corp.,* 91 R. I. 476, 165 A.2d 500 (1960); *Nottie* v. *Picchione,* 74 R. I. 93, 59 A.2d 177 (1948). However, were we to concede that the plaintiff had the status of a business invitee, he would take nothing thereby, this for the reason that there is in the record no evidence tending to prove that the defendant Narragansett Donuts breached that duty. That being the circumstance, the trial justice did not err in directing the verdict for the defendant Narragansett Donuts.

The appeal of the plaintiffs is overruled, and the judgment for each defendant is affirmed.

*Joseph E. Marran, Jr.,* for plaintiffs.

*Harry W. Asquith, Edward W. Moses,* for Narragansett Donuts, Inc.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr.,* for H. Rohtstein & Co. Inc., defendants.