330 A.2d 900 (1975)
George PELOSO
v.
RHODE ISLAND SAND & GRAVEL CO. INC.
No. 73-68-Appeal.
Supreme Court of Rhode Island.
January 31, 1975.
*901 Gunning, LaFazia, Gnys & Selya, J. Renn O'Lenn, Edward P. Sowa, Jr., Providence, for plaintiff.
Hanson, Curran, Bowen & Parks, Providence, A. Lauriston Parks, David P. Whitman, Providence, of counsel, for defendant.

OPINION
DORIS, Justice.
This is a civil action for damages for personal injuries by the plaintiff, George Peloso, against the defendant, Rhode Island Sand & Gravel Co. Inc. A separate trial of defendant's defense of the statute of limitations was held to a Superior Court justice sitting with a jury. At the conclusion of the plaintiff's case, the defendant's motion for a directed verdict was granted by the trial justice. The plaintiff has appealed from the judgment thereafter entered.
The record discloses that plaintiff's employer, Peloso, Inc., had contracted with the purchaser of a surplus Navy crane to load and transport the crane from the Quonset Point Naval Air Station to Elizabeth, New Jersey. Peloso, Inc. had contracted with defendant, Rhode Island Sand & Gravel Co. Inc., to rent a crane which was to be used in loading the surplus crane. On September 22, 1965, plaintiff drove a tractor-trailer owned by his employer to Quonset Point for the purpose of loading the surplus crane.
The defendant's crane was then being operated by its employee, Ralph Imperatore. While the surplus crane was being dismantled and loaded, an accident occurred as a result of which the steel boom of defendant's crane pressed against plaintiff causing him severe injuries. The plaintiff began a timely suit against Ralph Imperatore, the crane operator, on May 11, 1967. On May 23, 1968, over 2 1/2 years after the date of the accident, plaintiff amended his complaint by adding Rhode Island Sand & Gravel Co. Inc., as a party defendant.
The plaintiff's claim against Ralph Imperatore was tried to a Superior Court jury which returned a verdict for Ralph Imperatore. On appeal, this court sustained the jury's verdict. Peloso v. Imperatore, 107 R.I. 47, 264 A.2d 901 (1970). *902 The defendant then moved for a separate trial on the issue of its defense of the statute of limitations.[1] The motion for a separate trial was granted and trial was held to a Superior Court justice sitting with a jury. At the conclusion of plaintiff's case, defendant, under the provisions of Super. R. Civ. P. 50(a), moved for a directed verdict which was granted by the trial justice. The plaintiff has appealed from the judgment thereafter entered for defendant.
The sole question before us on this appeal is whether or not the trial justice erred in granting defendant's motion for a directed verdict. Since the applicable statute of limitations had run before the complaint was amended to add defendant, action can be maintained against defendant only if there is relation back under Super. R. Civ. P. 15(c).[2] The only issue before the Superior Court, therefore, was whether Super. R. Civ. P. 15(c) applied.
The plaintiff presses two arguments in alleging that the trial justice erred in granting defendant's motion for a directed verdict. He argues first that there were unresolved factual matters which required submission to the jury for its determination.
The duty of a trial justice in deciding a motion for a directed verdict is well settled. A trial justice in passing on such a motion has the obligation to view, in a light most favorable to the adverse party, all the evidence and the reasonable inferences to be drawn therefrom, and a verdict should not be directed unless the only reasonable finding or inference that can be made is against the adverse party. In considering such a motion, the trial justice cannot pass upon questions of credibility of the witnesses or weight of the evidence, but must consider as true all the evidence submitted on behalf of the adverse party and resolve all the reasonable inferences in favor of the contention of the party opposing the motion. Pina v. Narragansett Donuts, Inc., 111 R.I. 504, 304 A.2d 655 (1973); Aldcroft v. Prudential Ins. Co. of America, 104 R.I. 240, 243 A.2d 115 (1968); Marcinko v. D'Antuono, 104 R.I. 172, 243 A.2d 104 (1968).
The trial justice followed the rule and found there was no dispute on basic and material facts. He stated that he accepted as true the testimony of plaintiff and his attorney, and he found that plaintiff and his attorney knew that defendant had rented a crane to plaintiff's employer, and also that they knew that Imperatore, the crane operator, had admitted fault and had requested that suit not be brought against his employer, the defendant here. The trial justice found further that Imperatore had indicated that he would cooperate with plaintiff if suit was not brought against defendant. The trial justice in his decision noted that plaintiff's attorney knew of defendant's potential liability.
Our reading of the record has satisfied us that there existed no dispute over basic and material facts, and since there remained for determination only a question of law as to whether Super. R. Civ. P. 15(c) *903 applied, the trial justice was correct in not submitting the case to the jury.
There remained, however, the determination of whether there existed a "mistake", as argued by plaintiff, which would bring the case within Super. R. Civ. P. 15(c), which in turn requires that for an amendment changing the party against whom a claim is asserted to relate back, the party must know or should have known that but for a mistake the action would have been brought against him. The question then to be decided is whether or not a mistake was made within the meaning of the rule.
The defendant did not contest and the trial justice accepted as true plaintiff's testimony that he did not know of the possible negligence of anyone other than the crane operator and consequently limited his suit to him. This lack of knowledge is the only mistake alleged by plaintiff, and it is for the court to decide whether or not the lack of knowledge amounted to a mistake within the meaning of Super. R. Civ. P. 15(c).
The trial justice in his decision found that the plaintiff and his attorney were aware of the potential liability of the defendant under the doctrine of respondeat superior before the statute of limitations had run and that an election was made to sue the crane operator and not the defendant, Rhode Island Sand & Gravel Co. Inc. We agree. On the record we cannot say that the plaintiff was mistaken as to the potential liability of the defendant, but we are persuaded that the plaintiff's failure to initiate an action against the defendant was the result not of a mistake but rather of a conscious election to pursue his suit against only the crane operator. See Strasmich v. Cuculo, 110 R.I. 460, 293 A.2d 509 (1972). The trial justice was correct in holding that Super. R. Civ. P. 15(c) does not apply and that the filing of the amended complaint did not relate back to the date of the original complaint did to escape the bar of the statute of limitations.
The appeal of the plaintiff is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.
PAOLINO, J., did not participate.
NOTES
[1] The applicable statute of limitations is G.L. 1956 (1969 Reenactment) § 9-1-14 which then provided:

"Actions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after."
[2] Super. R. Civ. P. 15(c) reads as follows:

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to be the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."