JOHN MERCURIO *vs.* BURRILLVILLE RACING ASSOCIATION.

JANUARY 28, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.   This is an action of trespass on the case for negligence which was tried to a jury in the superior court. The case is here on the plaintiff's exception to the trial justice's decision directing a verdict for the defendant.   Certain other exceptions are set out in the bill of exceptions but since the plaintiff has not briefed and argued them they are deemed to be waived.   *Williamson* v. *Williamson*, 90 R. I. 233.

According to the pre-trial order plaintiff was a paying patron at defendant's Lincoln Downs Race Track on March 17, 1959 and it was agreed therein by the parties that he was a business invitee on defendant's premises.   Moreover it appears from the undisputed evidence that he was injured there on that date by an automobile operated by an agent or servant of Precision Photo Patrol, Inc., an independent contractor retained by defendant to take pictures of each race from several vantage points around the track. It is also undisputed that defendant had no control over such contractor or the operator of the automobile.

On the view which we take of the issue raised by plaintiff's exception it is not necessary to describe in detail the place at the track where the accident occurred.   Suffice it to say that while he was walking across an area between

the grandstand and the walking ring plaintiff collided with the automobile. Whether he walked into or was struck by it is in dispute. In any event insofar as defendant is concerned it is of no consequence how such dispute is resolved. Since it had no control over Precision Photo Patrol, Inc. or the operator of the automobile defendant could not be charged with the operator's negligence, if any, under the principle of respondeat superior.

Apparently the theory of plaintiff's case was founded upon his view that the operation of an automobile in the area across which patrons were invited to walk from the grandstand to the walking ring to see the horses before each race rendered the area unsafe for such purpose. Accordingly he framed his declaration in two counts.

The first count alleges in substance that it was defendant's duty to provide its patrons with a safe place for observing the horses in the walking ring; that it breached such duty in allowing a motor vehicle to be operated in the vicinity of the ring; and that it knew or should have known the operation thereof rendered the area around the ring unsafe. There is no evidence in the record tending to prove this count. The mere fact that an automobile was being operated in this area did not make the place unsafe, although the manner of its operation might well do so. Unless defendant knew or reasonably should have known that automobiles were being operated there in a careless manner to the imminent danger of its invitees rightfully walking across the area to or from the ring, it could not be charged with a breach of the duty as alleged by plaintiff in this count.

The defendant owed a duty to plaintiff as its business invitee to protect him against dangers which it knew or reasonably should have foreseen. It was not bound to anticipate and protect him against unlikely or improbable dangers. *James* v. *R. I. Auditorium, Inc.,* 60 R. I. 405. An

automobile in good operating condition is not per se a dangerous instrumentality. *Clements* v. *Tashjoin,* 92 R. I. 308, 168 A.2d 472. Nor does it necessarily become dangerous even when operated in areas frequented by pedestrians. In such circumstances its potentiality for danger depends upon the operator. Therefore in the case at bar, assuming without deciding that the operator so carelessly and negligently operated the automobile as to make of the area where plaintiff was walking an unsafe place, the fault and the consequent liability would be the operator's and his superior's and not defendant's.

There is no evidence in the record that an accident such as happened to plaintiff was likely to happen to patrons generally or that it was the natural and probable result of allowing motor vehicles in this area when it was frequented by patrons walking across it to and from the walking ring. If there had been evidence of other accidents of a similar nature tending to furnish the basis for a reasonable inference that defendant knew or should have known that there was a reasonable probability of danger to its patrons from the operation of automobiles in the area the case would be different. Then it would have been a question for the jury whether defendant had failed to provide a safe place for its patrons.

A defendant may reasonably be held bound to provide against what from usual experience is likely to happen, but not against the unusual or unlikely or the remote or slightly probable event. *Prue* v. *Goodrich Oil Co.,* 49 R. I. 120. In our opinion the assumed negligence of the operator of the automobile in the instant case was an event connected with such operation that was neither usual nor likely to happen so as to be reasonably foreseeable by defendant.

The second count repeats the allegations in the first count of defendant's duty to provide plaintiff with a safe place to observe the horses in the walking ring and its breach

thereof. It alleges a further breach, namely, that defendant "did carelessly and negligently fail to warn the plaintiff that the area provided for observers of the ring was unsafe." This count is thus inextricably connected with the first. Since we have held above that there was no evidence in the record tending to prove that the presence of the automobile in the area in question rendered the place unsafe for defendant's patrons, it necessarily follows that there was no duty on defendant to warn plaintiff of a nonexistent danger. Hence there could be no legal evidence tending to prove this count. The trial justice, therefore, did not err in directing a verdict for the defendant on both counts.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed by the trial justice.

*Edward I. Friedman, Howard I. Lipsey*, for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, James C. Bulman, James M. Shannahan*, for defendant.