**Christina SABOURIN, Administratrix of the Estate of David C. Sabourin, Jr., on behalf of said Estate and on behalf of the beneficiaries of said Estate; and Christina Sabourin, individually,**

v.

**LBC, INC.**

**Civ. A. No. 89–0029 L.**

United States District Court, D. Rhode Island.

Feb. 22, 1990.

John H. Hines, Jr., Providence, R.I., for plaintiffs.

Jeanne LaFazia, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is presently before the Court on the motion of defendant, LBC, Inc., for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The instant action arises as a result of a motor vehicle accident which occurred on August 31, 1987 that claimed the life of the minor child, David C. Sabourin, Jr. At all times material to this action, David Sabourin, Jr., the decedent, and his brother, Derek, were unemancipated minors under the legal custody of their mother, Christina Sabourin, pursuant to a divorce decree. Prior to the date of the accident, however, both parents had agreed to allow the boys to move into their father's home in Jamestown, Rhode Island, and they had done so on August 30, 1987.

Defendant, LBC, Inc., is a Massachusetts corporation engaged in the construction business. At the time this incident occurred, decedent's father, David Sabourin, Sr., was employed by LBC as a construction superintendent. David Sabourin, Jr. also worked for LBC full-time as a general laborer. As part of his job, Mr. Sabourin, Sr. was allowed the use of a pickup truck owned by LBC. Mr. Sabourin testified by deposition that the vehicle was provided to him for transportation relative to what he had to do every day, including driving to and from work and completing work-related errands during the course of the day. David Sabourin, Jr. also had regular use of his father's company owned pickup truck during the course of the working day.

At all times relevant to this matter, LBC had a written policy which stated that employees were to use company vehicles for business only unless special permission had been granted by the President of LBC. The written policy also required that company owned vehicles were not to be used for personal reasons except at an "insignificant level of mileage."

On the evening of August 31, 1987, decedent and his brother, Derek, requested permission from their father to return to their mother's house to pick up the rest of their belongings. Mr. Sabourin gave decedent permission to drive the company owned pickup truck from his residence in Jamestown, Rhode Island to Christina Sabourin's home in Greenville, Rhode Island. David Sabourin, Jr. was seventeen years old at this time and possessed a valid Rhode Island driver's license. His father testified that he had driven with David at various times in the past and had no reason to believe that he was not capable of driving the truck on the night in question. Mr. Sabourin also stated at his deposition that his son appeared sober and was in no way visibly impaired. Upon arriving at their mother's home, David and Derek engaged in some conversation and then gathered the personal items for which they had come. Christina Sabourin stated in her deposition that both boys were sober and that neither showed any signs of impairment from drugs or alcohol. She also testified that she made no objection, nor did she make any effort to prevent decedent from driving away in the truck with his younger brother, Derek, as a passenger.

At approximately 10:50 p.m. on the date in question the pickup truck owned by defendant, LBC, and being operated by David Sabourin, Jr. was found overturned on Interstate Route 295 South. David Sabourin, Jr. was pronounced dead as a result of that

accident and his brother, Derek, sustained an injury to his wrist.

Christina Sabourin brought this action for damages individually and in her capacity as administratrix of the estate of her son, David C. Sabourin, Jr. At the heart of her complaint is the allegation that LBC is vicariously liable for the negligence of its agents, servants or employees (namely David Sabourin, Sr.) in entrusting the pickup truck to the decedent on the night in question. Plaintiff asserts that at the time of said entrustment, the agents, servants and employees of LBC were acting within the course and scope of their authority or employment and that they knew or should have known that decedent was likely, because of his youth, inexperience, propensities or otherwise to use said motor vehicle in a manner involving unreasonable risk of harm to himself or others. Plaintiff also alleges that defendant was negligent in failing to maintain the pickup truck in a reasonably safe condition. Finally, Christina Sabourin seeks damages on her own behalf for the deprivation of the society, services and companionship of her son which resulted from the negligence of defendant.

Defendant has moved for summary judgment on a number of grounds. First, LBC states that an action brought on behalf of the estate of David Sabourin, Jr., against his father is barred by the doctrine of parent-child immunity, and, therefore, plaintiff may not maintain a cause of action against LBC based on a theory of vicarious liability. Second, defendant asserts that LBC cannot be held vicariously liable for the alleged negligence of David Sabourin, Sr. in entrusting the pickup truck to his son because, in committing such an act, Mr. Sabourin was not acting within the scope of his employment.

Defendant's third argument in support of its motion for summary judgment is that LBC was not negligent in entrusting the vehicle in question to decedent because David Sabourin, Jr. was a licensed and competent driver and his father had no reason to anticipate that he would operate the truck negligently or recklessly. In addition, defendant asserts that it cannot be liable for negligent entrustment because there is no duty of care running from the entrustor of the vehicle to the entrustee.

Finally, LBC requests that the Court grant summary judgment in its favor with respect to the allegation that defendant failed to maintain the pickup truck in a reasonably safe condition because there is no evidence in the record that LBC failed to inspect and maintain the vehicle or that the accident was in any way caused by vehicle failure.

In opposing defendant's motion for summary judgment, plaintiff states that an action on behalf of the estate of David Sabourin, Jr. against his father, David C. Sabourin, Sr., is not barred by the doctrine of parent-child immunity under Rhode Island Law. In addition, plaintiff asserts that there are sufficient facts from which a reasonable person could infer that David Sabourin, Sr. had the authority to allow his son to use the pickup truck owned by LBC. In response to defendant's contention that LBC owed no duty to decedent as the entrustee of the vehicle, plaintiff states that under a theory of negligent entrustment there is a duty running not only to third parties but also to the person to whom the motor vehicle or other instrumentality is entrusted. Finally, plaintiff argues that there is evidence from which a reasonable inference could be drawn that LBC failed to inspect and maintain the pickup truck and that this failure caused the accident in question.

The Court after having heard arguments on the motion for summary judgment took the matter under advisement. The motion is now in order for decision.

DISCUSSION

The law is well settled that summary judgment will be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). The basis of plaintiff's complaint in this action is that David Sabourin, Sr., acting within the scope of his

authority or within the course of his employment with LBC, negligently entrusted the pickup truck provided to him by LBC to his son, David Sabourin, Jr. Thus, the central issues before the Court are two fold: (1) Is David Sabourin, Sr. liable for negligently entrusting his company owned pickup truck to the decedent on the night in question? and (2) if Mr. Sabourin did act negligently in entrusting the vehicle to his son, was he acting within the scope of his authority or in the course of his employment with LBC thereby making defendant vicariously liable for his actions?

After a careful review of the facts and law relevant to these two issues, this Court concludes that there is no genuine issue as to any material fact and, furthermore, that defendant is entitled to judgment as a matter of law. Because summary judgment may be granted on these grounds, the Court need not consider the other issues raised by defendant's motion.

## NEGLIGENT ENTRUSTMENT

Under the common law doctrine of negligent entrustment, the owner of a motor vehicle may be held liable for entrusting that vehicle to an incompetent, reckless or unfit driver if the owner knew or should have known of the driver's incompetence, inexperience or recklessness. *See* 7A Am. Jur.2d "Automobiles and Highway Traffic" § 643 (1980). With respect to the entrustment of a motor vehicle to a minor, one court has stated:

> Under the doctrine of negligent entrustment one is liable for the negligent acts of a minor to whom a motor vehicle is supplied when the supplier knew or should have known that, because of youth, inexperience, or other reason, the motor vehicle might be used in a manner involving unreasonable risk of physical harm to the minor or others.

*Markland v. Baltimore and Ohio Railroad Co.,* 351 A.2d 89, 93 (Del.Super.Ct. 1976). In *Markland,* the parents of a minor child brought suit against the parents of another minor child for injuries sustained by plaintiffs' daughter when she was struck by a motorcycle operated by defendants' son. *Id.* at 90–91. The opera-

tor of the motorcycle was a twelve year old boy who, at the time of the accident, had been operating his own motorcycle for approximately ten months and 1600 miles. *Id.* at 91–92. The young driver had been instructed on the operation, maintenance and safety of motorcycles and was only allowed to ride in certain limited areas. *Id.* His parents had never received any complaints concerning his operation of the vehicle and continually supervised his riding. *Id.* Based on these facts, the court was persuaded that defendants were entitled to judgment as a matter of law since there was "absolutely nothing in the record from which a jury could reasonably conclude that they knew or should have known that their son would disobey them and drive in a forbidden area, in a careless manner so as to cause bodily injury." *Id.* at 93.

The Supreme Court of Rhode Island has not specifically embraced the theory of negligent entrustment. That Court has, however, set forth guidelines for determining an individual's duty to protect others from harm. In *Mercurio v. Burrillville Racing Association,* 95 R.I. 417, 420, 187 A.2d 665, 667 (1963), the Rhode Island Supreme Court stated that "[a] defendant may reasonably be held bound to provide against what from usual experience is likely to happen, but not against the unusual or unlikely or the remote or slightly probable event." There, plaintiff was a patron at defendant's race track who was injured by an automobile operated by an independent contractor retained by defendant to take pictures of each race from several vantage points around the track. *Id.* at 418, 187 A.2d at 666. The theory of plaintiff's case was that the operation of an automobile in an area across which patrons were invited to walk rendered the area unsafe for such purpose. *Id.* at 419, 187 A.2d at 666. In upholding the decision of the trial justice to direct a verdict for defendant, the court stated that defendant was not bound to anticipate and protect its business invitees against unlikely or improbable dangers. *Id.* Since there was no evidence of other accidents of a similar nature tending to furnish the basis for a reasonable inference that defendant knew

or should have known that there was a reasonable probability of danger to its patrons from the operation of automobiles in the area, the court concluded that the trial judge had not erred in finding that defendant could not be held liable for plaintiff's injuries. *Id.* at 420, 187 A.2d at 667.

■ After a careful review of the undisputed facts in the instant case, this Court concludes that David Sabourin, Sr. could not be found negligent by a jury as a result of his entrusting the pickup truck owned by LBC to his son, David Sabourin, Jr., on the night in question. On the date of the accident, David Sabourin, Jr. was seventeen years old and possessed a valid Rhode Island driver's license. Mr. Sabourin had driven with his son at various times in the past and had no reason to believe that he was not capable of driving the truck that particular night. Moreover, David Sabourin, Sr. testified that his son appeared sober and was in no way visibly impaired. Christina Sabourin also stated in her deposition that both the decedent and his brother, Derek, were sober when they arrived at her home and showed no signs of impairment from drugs or any other cause.

There is no evidence in this case which suggests that David Sabourin, Sr. knew or should have known that his son would operate the pickup truck in a manner involving unreasonable risk of harm to himself or others.[1] In addition, from the undisputed facts, it is clear that this tragic accident was not a probable or likely event which Mr. Sabourin would have had a duty to anticipate and prevent under Rhode Island law. David Sabourin, Jr. was a licensed and competent driver who had driven this pickup truck during working hours safely and responsibly in the past. The fact that David was only seventeen years old at the time of the accident is in no way sufficient to establish him as an incompetent or reckless driver. Since plaintiff has produced no other evidence in support of its allegations of negligent entrustment, this Court concludes that defendant is entitled to summary judgment as a matter of law.

## VICARIOUS LIABILITY

Even if this Court were to find that David Sabourin, Sr. could be found liable under a theory of negligent entrustment, his negligence could not be imputed to defendant LBC because when Mr. Sabourin gave his son permission to drive the pickup truck he was not acting within the scope of his authority or in the course of his employment with LBC.

It is well established under Rhode Island law that a corporation is liable only for those torts committed by agents acting within the scope of their authority or in the course of their employment. *Souza v. Narragansett Council, Boy Scouts of America*, 488 A.2d 713, 715 (R.I.1985); *Brimbau v. Ausdale Rental Equipment Corp.*, 119 R.I. 14, 26, 376 A.2d 1058, 1064 (1977). Moreover, the burden of proving such authority or employment is on the one who sues a corporation. *Souza, supra; Brimbau, supra.*

■ It is undisputed that LBC's written policy regarding the use of company vehicles expressly prohibits the use of such vehicles for anything other than company business in the absence of special permission from the President of LBC. In order to comply with Internal Revenue Service regulations, LBC had also instituted a policy stating that company owned vehicles were not to be used for personal reasons except at an "insignificant level of mileage."

Plaintiff contends that under the terms of LBC's written policy regarding the use of company vehicles, Mr. Sabourin, Sr. had the authority to permit his son to use the company owned pickup truck for a purely personal errand. Although the question as to whether Mr. Sabourin had such authority as an employee of LBC is clearly a material issue in this case, plaintiff has offered insufficient evidence to raise a legitimate dispute on this point.

---

1. There is also no evidence that the accident in question was proximately caused by the driver's incompetence, inexperience or recklessness thus providing additional grounds for the Court to find in favor of the defendant. *See* 7A Am. Jur.2d "Automobiles and Highway Traffic" § 643 (1980).

In order to defeat a motion for summary judgment, the party opposing such motion must establish the existence of an issue of fact which is both "genuine" and "material". *Hahn*, 523 F.2d at 464. To be considered "genuine" for Rule 56 purposes "a material issue must be established by 'sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Id.* (quoting *First National Bank of Arizona v. Cities Service Co., Inc.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). "The evidence manifesting the dispute must be 'substantial', ... going beyond the allegations of the complaint." *Id.* (citations omitted).

Mr. Sabourin testified that he assumed he had the right to use the company vehicle for some personal use within his own good discretion. However, he never stated that this permission was actually extended to him and he had no actual knowledge as to any other employee's personal use of a company vehicle. Furthermore, Mr. Sabourin never testified as to a belief that any individual other than the employee to whom a vehicle had been assigned had the right to use a company truck for a non work-related purpose.

■ Since plaintiff has not presented any substantial evidence to controvert the stated company policy regarding the use of company vehicles for business purposes only, the Court must conclude that Mr. Sabourin did not have the authority to permit his son to use the pickup truck for a personal errand. This Court is equally convinced that Mr. Sabourin, Sr., in committing the alleged negligent entrustment, was not acting within the course of his employment with LBC. In determining whether there was sufficient evidence for such an issue to go to a jury, the Rhode Island Supreme Court has stated,

> Such question is ordinarily one for a jury, ... but its submission is not warranted unless ... plaintiff offers evidence that the servant acted within the scope of his employment or facts upon

which to base a reasonable ground for inference thereof.

*Haining v. Turner Centre System*, 50 R.I. 481, 482, 149 A. 376 (1930) (citations omitted); *Aldcroft v. Prudential Insurance Company of America*, 104 R.I. 240, 243–44, 243 A.2d 115, 117 (1968).

Plaintiff has offered no evidence from which this Court can make a reasonable inference that Mr. Sabourin was acting within the scope of his employment with LBC when he entrusted the company vehicle to his son on the evening in question. Decedent did not obtain possession of the truck until after he and his father had finished working and returned from Massachusetts to their home in Jamestown. Furthermore, it is undisputed that David, Jr. and his brother, Derek, borrowed the truck for the sole purpose of traveling to their mother's home in Greenville to pick up their personal belongings.

After considering all the evidence in a light most favorable to plaintiff, this Court opines that plaintiff has failed to establish a genuine issue of fact as to whether Mr. Sabourin was acting within the scope of his authority or in the course of his employment with LBC when he entrusted the company owned pickup truck to his son on the night of August 31, 1987. Defendant, therefore, cannot be liable under the doctrine of respondeat superior for the alleged negligence of its employee and is entitled to summary judgment as a matter of law.

■ In addition to alleging grounds for relief under a theory of vicarious liability, plaintiff asserts that defendant's liability for the negligence of its employee arises under Rhode Island agency ratification law. The Supreme Court of Rhode Island has recognized that a principal may consent to the acts of an unauthorized agent and be bound under the principle of ratification. *Beckwith v. Rhode Island School of Design*, 122 R.I. 93, 101, 404 A.2d 480, 485 (1979). Before ratification can occur, however, the principal must have full knowledge of all material facts. *Id. See also Newport Oil Corporation v. Viti Bros., Inc., et al.*, 454 A.2d 706, 708 (R.I.1983) (Rhode Island has recognized the doctrine of ratification where a principal has knowl-

edge of the facts and accepts a benefit even when the act of the agent may have been unauthorized). However, since the only evidence that LBC had knowledge that either Mr. Sabourin, Sr. or his son were using the pickup truck for personal use is a mere allegation of such knowledge made by plaintiff during the course of oral arguments on this motion, plaintiff has again failed to establish any genuine issue of fact and defendant is entitled to judgment as a matter of law.

## FAILURE TO MAINTAIN

■ Plaintiff alleges in Count II of her Complaint that defendant negligently, recklessly or willfully failed to maintain the pickup truck that David Sabourin, Jr. was driving at the time of the accident and that such negligence was the direct and proximate cause of decedent's injuries and subsequent death. In support of these allegations, plaintiff argues that LBC's method of inspection and maintenance of company vehicles was so haphazard and uncontrolled as to give rise to a reasonable inference that LBC failed to inspect and maintain the vehicle in question and that such failure caused the fatal accident. Even if plaintiff could establish that LBC had failed to maintain the pickup truck in a reasonably safe condition, there is absolutely no evidence that the accident was caused by vehicle failure. The allegations in the complaint being insufficient to establish a genuine issue of fact they do not preclude this Court from granting summary judgment in favor of defendant, *see Hahn v. Sargent, supra.*

## CONCLUSION

For the reasons set forth above, this Court determines that plaintiff has not established any genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Therefore, defendant's motion for summary judgment hereby is granted.

*It is so Ordered.*