Michael REGAN

v.

NISSAN NORTH AMERICA, INC., et al.

No. 2001–135–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 2002.

Stephen G. Linder, Providence, for Plaintiff.

Raymond A. LaFazia, James H. Reilly, Peter A. DiBiase, Justin S. Holden, James F. Clark, Jr., Carrie Shrallow Dussault, John Sogliuzzo, Providence, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Michael Regan, has appealed the Superior Court's entry of a summary judgment in favor of Maureen Wyman, one of the defendants in this case, which came before the Supreme Court for oral argument on October 31, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.[1] Having considered the record, the parties' memoranda, and the oral arguments of counsel, we hold that cause has not been shown, and we affirm the judgment of the Superior Court.

This case arose following a car accident on August 14, 1998, in which defendant's son, Justin Wyman (Justin), was driving defendant's leased vehicle with her permission. While Justin was driving the car in Cranston, Rhode Island, the vehicle left the roadway and struck a tree, injuring plaintiff, who was a passenger in the car. The plaintiff filed a complaint, alleging that defendant was either vicariously liable for the negligence of her son or was negligent in entrusting her vehicle to her son.

The defendant's motion for summary judgment was accompanied by a memorandum acknowledging that she had leased the car from Nissan Motor Acceptance Corporation and that she had granted permission to her son Justin to use the car on the night of the accident. She argued, however, that she could not be held vicariously liable for the acts of her son because of the exemption provided in G.L.1956 § 31-33-6. Although the statute extends liability to an owner or lessee for the negligence of a user who drives with permission, it excepts drivers who have provided proof of financial responsibility. According to defendant, Justin owned his own vehicle and had provided such proof to the Registry of Motor Vehicles. The defendant also challenged plaintiff's contention that she negligently entrusted her car to Justin. She asserted that plaintiff had failed to allege any negligent acts or omissions that could have formed the basis for this claim. On March 27, 2001, the trial justice granted defendant's motion for

---

1. On June 30, 2000, the plaintiff entered into a dismissal stipulation, pursuant to which his claims against defendant Autocenter, Inc. d/b/a Inskip Infiniti, were dismissed. The complaint against all other defendants remained in effect.

summary judgment and entered judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.

■ This Court reviews *de novo* a trial justice's grant of summary judgment, applying the same criteria as those employed by the trial justice. *Heflin v. Koszela,* 774 A.2d 25, 29 (R.I.2001); *Bennett v. Napolitano,* 746 A.2d 138, 140 (R.I.2000). We affirm the judgment only when, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact remains to be decided, and the party is entitled to judgment as a matter of law. *Bennett,* 746 A.2d at 140; *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996).

■ Although plaintiff alleged on appeal that defendant was vicariously liable under § 31–33–6, he waived that issue at oral argument in light of our holding in *Oliveira v. Lombardi,* 794 A.2d 453 (R.I.2002). In *Oliveira,* we determined that "for consenting owners * * * to protect themselves from liability under § 31–33–6, the authorized *drivers* of the leased vehicles must have provided proof of financial responsibility before the accident occurred." *Oliveira,* 794 A.2d at 460. In the case at bar, Justin had provided the requisite statement of financial responsibility, and therefore, pursuant to our holding in *Oliveira,* defendant is not subject to vicarious liability for any negligence on Justin's part.

■ The plaintiff also argued on appeal that the hearing justice overlooked genuine issues of material fact in granting summary judgment on plaintiff's negligent entrustment claim. Although plaintiff recognized that this Court has not adopted the theory of negligent entrustment, he nevertheless suggested that this Court look at a variety of factors, including the

driver's age and previous actions, to "furnish the basis for a reasonable inference that defendant knew or should have known that there was a reasonable probability of danger to its patrons from the operation of automobiles * * *." *Sabourin v. LBC, Inc.,* 731 F.Supp. 1145, 1148–49 (D.R.I.1990). To date, this Court has not recognized negligent entrustment as a basis for liability, and we decline to do so in this case.

Even if we did adopt negligent entrustment as a source of liability, plaintiff's argument would fail. According to plaintiff, negligent entrustment results when a plaintiff proves that (1) the entrustee was incompetent, inexperienced, or reckless; (2) the entrustor knew, or had reason to know, of the entrustee's condition or propensities; (3) there was an entrustment of chattel; (4) the entrustment created an appreciable risk of harm to others, and a duty on the part of the entrustor; and (5) the entrustor's negligence in entrusting the chattel caused the plaintiff's injury. 57A Am.Jur.2d *Negligence* § 332 (1989).

■ The defendant in this case entrusted her vehicle to Justin, who drove the car only with his mother's permission. Thus, given defendant's entrustment of the car to Justin, she would have owed a duty of care if she knew that Justin was reckless, incompetent, or otherwise unfit to drive. The plaintiff, however, presented no evidence that Justin was in any way unfit to drive. Moreover, plaintiff's assertions that defendant might have known that Justin posed a risk of harm are premised on improper inferences drawn from defendant's deposition statements:

"Q. Did you know prior to that evening that your son had consumed beer on occasion?

"[Defendant's attorney]: Objection.

"A. [Defendant]: Yes.

"Q. On more than one occasion?

"[Defendant's attorney]: Objection.

"A. [Defendant]: I had never witnessed it or experienced him coming home drinking. Any of that I just know that there was situations in school where kids had parties, and I assumed he was part of them, occasionally, but it wasn't an issue."

Even when viewed in the light most favorable to plaintiff, neither this testimony nor defendant's additional deposition testimony describing Justin's driver training and experience supported an inference that defendant knew that Justin posed a danger to himself or to others. Given the absence of evidence that Justin was a danger or that defendant had knowledge of any danger posed by Justin, no triable issue of fact was presented.

■ Finally, we need not address the merits of the plaintiff's argument that the defendant is liable as an owner of a for-hire vehicle pursuant to G.L.1956 § 31–34–4, because he failed to present this argument to the motion justice, and therefore, the issue cannot be raised on appeal. *Allstate Insurance Co. v. Lombardi*, 773 A.2d 864, 871 (R.I.2001); *Ludwig v. Kowal*, 419 A.2d 297, 302 (R.I.1980).

In conclusion, therefore, we deny and dismiss the plaintiff's appeal, affirm the entry of summary judgment for the defendant, and return the case to the Superior Court.