[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
In late May, 2003, Lee Golini, while driving the car of his mother, Kathleen Golini, was involved in an automobile accident with Kenneth Ortiz. Mr. Ortiz seeks to hold Ms. Golini liable under G.L. § 31-33-6, "Owner's Liability for Acts of Others". The matter is before the Court on Ms. Golini's motion for summary judgment.
According to Ms. Golini's affidavit in support of her motion, she was "informed by her son" before the collision that he "did have a policy for automobile liability coverage in an amount at least equal to the minimum . . ." A statute allows for insulation from liability if the driver has presented to the owner proof of sufficient liability insurance.
 [w]henever any motor vehicle shall be used, operated or caused to be operated upon any public highway of this state with the consent of the owner, lessee, or bailee, expressed or implied, the driver of it, if other than the owner, lessee or bailee, shall in the case of an accident be deemed to be the agent of the owner, lessee or bailee, of the motor vehicle unless the driver shall have furnished proof of financial responsibility in the amount set forth in Chapter 32 of this title prior to the accident. G.L. § 31-33-6(a).
The issue presented here is whether a son telling his mother that he has coverage constitutes "furnishing proof" consistent with the statute. There is scant evidence in the file relative to the submission of proof, but for Ms. Golini's affidavit. Apparently, no insurance policy was reviewed, no declarations page was produced, no affidavit or writing of any kind was submitted by her son, and her son submitted no insurance card which is required to be carried in motor vehicles.
Our Supreme Court in Oliveira v. Tiberi, 794 A.2d 453,460 (R.I. 2002) held that this very statute should be interpreted by affording "the meaning most consistent with the underlying purposes and policies of § 31-33-6, namely, `to protect an innocent victim from having to shoulder the expense of an injury'", quoting Dias v.Cinquegrana, 727 A.2d 198, 200 (R.I. 1999).
In Regan v. Nissan, 810 A.2d 255 (R.I., 2002), is disguishable from the case at bar. The high court focused on a negligent entrustment count. Defendant's son owned his own vehicle and provided "proof to the registry". The sufficiency of the proof was not an issue there.
In Robinson v. Mayo, 849 A.2d 351, (R.I. 2004) the high court dealt with R.I.G.L. § 31-47-2 (a different statute from that in issue here), wherein the statute explicitly requires a policy as evidence of the proof of insurance.
R.I.G.L. § 31-33-6 refers to chapter 31-32 for the amount of insurance required, but does not define the limitations of proof. Proof may be given as a certificate of insurance, a bond, a certificate of deposit, or a certificate of self-insurance, none of which appears to have been produced here. R.I.G.L. §31-32-20.
This Court cannot, and does not hold that a son telling his mother constitutes sufficient "proof" without something more. Moreover the Court cannot question Mr. Golini's credibility on a motion for summary judgment. The term "proof" means something more substantial. Black's Law Dictionary, 8th ed., defines proof as "The establishment or refutation of an alleged fact by evidence; the persuasive effect of evidence in the mind of the fact finder". Here there was no firm evidence, only Mr. Golini's bald representation that he was insured.
Defendant's motion for summary judgment is denied.